Nov. Term,<br>1832.<br><br>JOHNSON<br>v.<br>BAIRD.

---

## JOHNSON and Another, Assignees, *v.* BAIRD.

To an action on a note for the payment of a certain sum, at a certain time and place, in hats, it is a good defence, that the defendant was ready to deliver the hats at the time and place appointed; was always ready, and is still ready, to deliver them at the place on demand.

ERROR to the *Washington* Circuit Court.

BLACKFORD, J.—*J. & J. Johnson,* assignees of *Farnham,* com-menced an action against *Baird,* before a justice of the peace, on a note in the following words:—"One day after date, for value received, I promise to pay *Jno. H. Farnham,* Esq. fourteen dol-lars, in fine hats, at my house in *Salem.*     *March* 3d, 1830. *William Baird.*"    The payee endorsed the note on the 28th of *April,* 1831, to the plaintiffs.

Two pleas were filed to the action.    Verdict and judgment in the justice's Court for the defendant.    The plaintiffs appealed to the Circuit Court. . The note and the pleas were sent up to the Court, by the justice, with the transcript from his docket. The first plea is in these words: The defendant comes and for · plea says, that on the day the said note was due, to wit, on the 4th day of *March,* 1830, he was ready to pay the said *John H. Farnham,* fourteen dollars in fine hats, at his, the said de-fendant's house in *Salem,* according to the terms and meaning

*Saturday,*<br>*December* 15.

of said note; and that the said *John H. Farnham* did not attend at any time during said day, at said place, to receive the same; that he hath ever since been ready, and still is ready, to pay and deliver said hats on demand. The second plea is, that *Farnham* never at any time previously to his assigning said note to the plaintiffs, demanded of the defendant said hats, nor have the plaintiffs demanded the same at any time since the assignment. The clerk states that the plaintiffs demurred to these pleas; that the demurrer to the first plea was overruled; and the demurrer to the second sustained. The record, however, contains no demurrers, and the case must stand as if none were filed. The clerk also states that the issue being made up, thereupon a jury came, &c. The record shows no replications in the cause; but as the suit originated in a justice's Court, we must presume that there was a general denial of the pleas.

On the trial, the plaintiffs moved the Court to instruct the jury—1st, that if they believed from the evidence, that before the assignment of the note, the assignor of the plaintiffs, or his agent, demanded a fine hat at the dwelling-house of the defendant, and could not obtain it, and that no fine hats were offered him, such a demand and refusal are sufficient to disprove the plea of the defendant; 2dly, that if the jury believed from the evidence, that the defendant had hats at his house, but had never set them apart for the plaintiffs, nor their assignor, and had none set apart when the agent of said assignor demanded them, they must find for the plaintiffs. These instructions were refused. The jury found a verdict for the defendant, and there was judgment accordingly.

The only question presented by this record is, whether the instructions asked for ought to have been given? It is said that if the hats were demanded at the place and could not be obtained, and that none were set apart at the time of demand, the plaintiff must recover. In answer to this, it is only necessary to remark, that the demand might have been made, for any thing shown to the contrary, before the note was due. It is further contended, that the defendant must not only have had hats at the place, but that he was bound to set them apart for the plaintiffs. We are of opinion that it is not essential to the defence in this case, that the hats should have been actually set apart for the plaintiffs. The defendant might have done so, to be sure, and have thus released himself from the contract;

but he was not obliged to do it in order to avoid an action. If he was ready to deliver the property at the time and place agreed on, was always ready, and is still ready, to deliver it at the place on demand, he cannot be said to have broken his contract, and until there is a breach of the contract, the plaintiffs ought not to recover (1).

There were certain instructions given to the jury, to which the plaintiffs object. But as no objection was made below to these instructions, we have no authority to examine them.

*Per Curiam.*—The judgment is affirmed with costs.

*J. H. Farnham,* for the plaintiffs.

*I. Howk,* for the defendant.

(1) A petition for a re-hearing, filed in this cause by the plaintiffs, was overruled. Post, *May* term, 1833.

"In all suits based on any note, bill of exchange, or other obligation, payable at a particular place, it shall not be necessary for the plaintiff to aver in his declaration, or prove on the trial, a demand of payment at such place. But it shall be lawful for the defendant, in any such suit, to aver and show his readiness to pay such demand at the place named, where the same became due, and this shall be deemed a valid defence in bar of such suit, (permitting the plaintiff, however, to avoid such plea, by averring in his replication, and proving at the trial, a subsequent demand at the place of payment, and neglect on the part of the defendant to pay such demand.)" Stat. 1836, p. 62.