HARVARD
LAW SCHOOL
LIBRARY.

---

CHUN and Another, *v.* HOWARD and Another.

In a suit on a contract to deliver a certain number of hogs to the plaintiff, to be paid for on delivery, the declaration must aver a payment or tender of the purchase-money, or a readiness to receive and pay for the hogs.

ERROR to the *Wayne* Circuit Court.

M'KINNEY, J.—This is an action of trespass on the case, founded on a special contract.

The plaintiffs state a contract with the defendants for 150 hogs, with the privilege of delivering 300 at *New Castle, Henry* county, at a given price, to be paid on delivery. The contract is shown to have been frequently varied, and the sums of 50 dollars and 300 dollars, to have been paid. They then declare that afterwards, &c. when the said hogs were to be delivered,

and received, the said parties enlarged said contract, and it was agreed that the defendants had then and there 705 hogs, and that the plaintiffs should pay all expenses of driving said hogs to *Hamilton, Ohio,* and pay all damages in driving the same, and pay to the defendants, at *Hamilton,* 3,373 dollars and 70 cents for said hogs, deducting 350 dollars paid as aforesaid. The plaintiffs further declare, that afterwards, on, &c. after the said hogs were driven to *Hamilton* at their own expense, to wit, at the expense of 200 dollars, it was then agreed between the parties, that the plaintiffs should proceed to *Cincinnati* and drive the hogs at their own expense, and pay the defendants for going with said hogs to receive their pay, and also pay their expenses on the road, and pay them for the hogs agreeably to their last-named agreement.

The plaintiffs aver that they took said hogs to *Cincinnati* at their own expense, paid the expenses of the defendants in going to *Cincinnati,* and paid them for going; that afterwards at *Cincinnati,* the plaintiffs, with the consent and knowledge of the defendants, sold said hogs to *Voorhis & Vankirk,* for the sum of 6 dollars per head, there then being 668 hogs only, making the sum of 4,008 dollars for said hogs, and received from the vendees 500 dollars in hand, which they paid to the defendants, making the sum of 850 dollars paid on said contract. They aver that it was a part of their agreement with *Voorhis & Vankirk,* that they were not to have possession of the hogs until the whole of the purchase-money was paid.

They aver that while the hogs were in their possession as aforesaid, and subject to their control, and before *Voorhis & Vankirk* had paid the balance of the money due on the same, and before they had acquired a right to the same, without a payment or tender of the purchase-money, the defendants, without the permission of the plaintiffs and against their consent, fraudulently and deceitfully, with intent to deprive the said plaintiffs of the benefits of their said sale, and with intent fraudulently, wrongfully, and deceitfully, to cheat and defraud the plaintiffs out of said hogs and the expenses of driving the same from *New Castle* to *Cincinnati,* and to cheat them out of the 850 dollars paid on said hogs, sold the same to another person for the sum of 5 dollars and 10 cents per head, and received fraudulently and deceitfully for the same, the sum of 3,406 dollars, and suffered them to be driven out of the reach

of the plaintiffs, so that they lost the same. They aver the defendants' refusal to pay the sum of 850 dollars, or the difference between the sums for which the hogs were sold, or to pay the expenses, &c.

To the declaration the defendants' demurred specially, and assigned the following cause:—"The plaintiffs do not show a readiness to comply with their part of the agreement, by either paying or tendering to the defendants the purchase-money agreed to be paid by them for said hogs." The Court sustained the demurrer and rendered judgment in favour of the defendants.

The declaration is founded on a special contract, and the ground of relief is fraud committed by the defendants.

The contract was frequently varied by the parties. It is apparent, however, that the payment of the purchase-money was steadily regarded as a condition precedent to the delivery of the property. If the plaintiffs neither paid nor tendered the purchase-money, their right to the possession of the property has not attached, unless such payment or tender be excused by the act of the defendants. The performance of the contract on the part of the plaintiffs, or what the law regards as equivalent,—doing all in their power to perform it,—alone entitles them to the possession of the subject-matter of the contract, and enables them to bring an action on the contract itself; or an action in tort for a wrong done. The right of possession is essentially necessary, however, to the support of either action. It is immaterial what is the form of action, the necessity exists for the averment of payment or tender of the purchase-money; the payment being a condition precedent to the delivery of the property. 3 Stark. on Ev. 1637.—2 Bl. Comm. 448.—*M'Donald* v. *Hewett*, 15 Johns. 349.—*Clarkson* v. *Carter*, 3 Cow. 84.— *Morton* v. *Lamb*, 7 T. R. 121.

Although the payment or tender is necessary, yet it may be waived. It is contended that it was waived in this case by the defendants' consent to the sale made to *Voorhis & Vankirk*, in *Cincinnati*. We cannot regard that sale as operating such waiver. Indeed, that consent is qualified by the contract made by the plaintiffs with *Voorhis & Vankirk*, by which the latter were not to have possession of the hogs until payment of the purchase-money. The consent to such sale was no more than the general authority to sell, which the sale to the plaintiffs

Nov. Term, 1832.

CHUN
v.
HOWARD.

enabled them to make, subject to the divestment of the defendants' possession, by the payment of the purchase-money.

It would seem to follow from the view taken of the case, that if this suit is brought on the contract, to have maintained it, the plaintiffs should have averred payment, a tender of the purchase-money, or a readiness to receive and pay for the property. If brought for a tort, they should have shown themselves entitled to the possession.

The declaration is an unusual one. We have seen no precedent that supports it, nor would it seem to be justified on principle. It is attempted to rear upon a contract unperformed on the part of the plaintiffs, a cause of action arising from fraud alleged to be committed by the defendants. We question whether this can be done in any case. It is clear, it cannot in the present. The plaintiffs' right to the property depended upon a condition precedent, and that was not performed. The interest of the defendants was not therefore divested (1).

We think the Circuit Court was correct in sustaining the demurrer.

*Per Curiam.*—The judgment is affirmed with costs.

*O. H. Smith* and *J. Rariden*, for the plaintiffs.
*M. M. Ray* and *J. Perry*, for the defendants.

(1) In an action for the non-delivery of malt, which the defendant had undertaken to deliver on request at a certain price,—it is sufficient for the plaintiff in his declaration to aver such request, and that he was *ready* and willing to receive the malt, and to pay for it according to the terms of the sale, but that the defendant refused to deliver it, without averring an actual tender of the price. *Rawson et al.* v. *Johnson*, 1 East, 203. For forms of declarations in assumpsit for not delivering goods, &c. see 2 Chitt. Pl. 269, 270, 6th Amer. ed.