Nov. Term,<br>1837.<br><br>VANKIRK<br>v.<br>TALBOT.

## VANKIRK *v.* TALBOT.

Where, in an agreement between two parties, there are covenants to be performed by each at the same time and place, the party who sues must aver that he has performed or offered to perform his part, or show a legal excuse for his not doing so.

ERROR to the *Putnam* Circuit Court.

*Wednesday*,<br>*November* 29.

BLACKFORD, J.—This was an action of covenant against *Talbot* for not delivering, agreeably to his contract, a certain number of hogs to *Vankirk*.

The declaration states that the defendant had bound himself, by an agreement under seal, to deliver to the plaintiff 600 head of hogs of a certain description; that the hogs were to be delivered at the defendant's own house in *Putnam* county, and at the house of some person in the neighborhood of *George Piercy's* in the same county, between the first and fifth days of *November*, 1835; and that the plaintiff did, at the same time, bind himself to pay to the defendant two dollars and 50 cents a hundred for the hogs, to be paid for on delivery at the pen. It is then averred that, at the time of the agreement, the plaintiff paid to the defendant 100 dollars in part performance of the agreement; and that he has at all times been ready and willing to perform his agreement according to the true intent and meaning thereof. The breach assigned is, that the defendant has failed and refused to keep and perform his covenant in this, viz., that he did not, at his own house in *Putnam* county, nor did he at the house of any person in the neighborhood of *George Piercy's* in said county, between the first and fifth of *November*, 1835, deliver to the plaintiff the hogs mentioned in the agreement, nor has he at any time delivered them to the plaintiff as he was bound to do; but the defendant, although often requested, has hitherto wholly refused to perform his covenant.

The defendant demurred specially to the declaration, and assigned as a cause of demurrer, that the plaintiff does not allege a readiness to pay the price of the hogs at the time and place of delivery. The Circuit Court gave judgment on the demurrer for the defendant.

In this case, there were covenants to be performed by each party at the same time and at the same places; and to enable one of them to sue the other for a breach of the contract, the party who sues must show that he has performed or offered to perform his part, or that there is some legal excuse for his not doing so.

The contract alleged in this declaration is very imperfectly expressed. The following may be considered its legal construction. It was agreed that *Talbot*, on the last convenient hour of the fourth of *November*, 1835, or, if he should so appoint, on the last convenient hour of the second or third of that month, would deliver to *Vankirk* 600 hogs. The hogs were to be delivered at the defendant's own house, and at the house of some other person in *Piercy's* neighborhood—such part of them at the one place, and such part at the other, as *Talbot* might choose. The house in *Piercy's* neighborhood was to be designated by *Talbot*, and notice thereof was to be given by him to *Vankirk*. The price of the hogs, except the 100 dollars advanced, was to be paid to *Talbot* upon the delivery of the hogs at the pen.

It was for *Vankirk*, in declaring upon this contract, to show that he had performed or offered to perform his part of it; or, if he had been prevented from doing so by the default of *Talbot*, that default should have been set out in the declaration. It would have been a sufficient excuse for the want of an averment, in this case, of the plaintiff's performance of his part of the contract, if the declaration had stated that the defendant did not inform the plaintiff at what house in *Piercy's* neighborhood a part of the hogs would be delivered; or how many of them would be there delivered, and how many at the defendant's own house; that the plaintiff, therefore, was not ready, as he otherwise would have been, at the proper time and places to receive and pay for the hogs; and that the defendant had not delivered the hogs as he was bound to do.

The declaration, however, contains no averment of facts, showing that the plaintiff had performed or offered to perform

his part of the contract, nor does it show any legal cause for <span>Nov. Term, 1837.</span> the omission of such an averment. · It is consequently bad on general demurrer (1).

Harris v. Doe,

*Per Curiam.*—The judgment is affirmed with costs. . To be certified, &c.

C. *Fletcher* and O. *Butler*, for the plaintiff.

T. A. *Howard* and J. *Cowgill*, for the defendant.

(1) 1. Where the plaintiff's covenant constitutes a condition precedent, to ena‑ble him to maintain an action against the defendant for the non-performance of his part of the agreement, he must have previously performed his part or have done that which is equivalent to a performance, or he cannot claim the right which was to attach on its being executed. And the fulfilment of such condi‑tion precedent must be averred, whether the duty be to be executed by the plaintiff or by any other person : or some excuse for the non-performance must be shown; for where all proper steps are taken by a party to observe the con‑dition, and the neglect or default of the other party renders the performance impossible, or where he dispenses with such performance, (performance being in the power of the party offering,) the tender is tantamount to a performance, and the plaintiff acquires the right as completely as if the previous deed had actually been done. But performance or its equivalent must be alleged and proved, to support the suit; and, therefore, the defendant may plead non-per‑formance of the condition precedent in bar of the action; or, if the averment as to performance be entirely omitted, or imperfectly made, the defendant may demur to the declaration.

2. If the acts contracted for be to be performed at the same time, neither can maintain an action without showing a performance of, or an offer to per‑form, or at least a readiness to perform, his part, though it be not certain which of the parties is obliged to do the first act.

3. If the covenants be mutual and independent, as it is no excuse for the defendant to allege a breach of the contract on the part of the plaintiff, so with‑out performance on the plaintiff's part, he is capable of supporting an action, and of course no averment of performance is necessary to be inserted in the de‑claration.    Platt on Cov. 104.   1 Selw. N. P. 6th Am. ed. 504 to 518.