Perkins, J.
— “ The question raised by the plea, is presented by the refusal of the instruction above referred to. If the instrument sued on, was assignable under our statute, and had been assigned, the instruction should have been given. The statute upon the subject of assignment of written instruments, is very comprehensive, and, we think, renders assignable, such as that under consideration. R. S. p. 576, § 6; Nichols v. Woodruff, 8 Blacltf. 493. We also think the instrument had been assigned. We take the endorsement on its back to amount to a credit of the note agreed to be lifted, and an assignment of the remaining interest in the instrument, which was all that could then be assigned. We suppose a note partly paid may be well assigned as to the residue. The assignment then, being valid, as the instrument had not been re-assigned or relinquished to the plaintiff, it follows that he had no title to it and could not sue on it. We have not inquired whether this question did not arise upon the declaration, on the demurrer to the plea.
“ It is also claimed by the plaintiff in error, that the declaration is bad in not setting out the consideration of the instrument consti-tiding the cause of action. We have already determined that the instrument was assignable under our statute, so as to vest the legal interest in the assignee. It was of itself, therefore, a sufficient foundation of an action. See Nichols v. Woodruff, supra; Findlay v. Cooly, 1 Blackf. 262.
“A question as to the sufficiency of the demand of the gears of the wagon, before suit, has been argued by counsel. The time for the delivery of the gears was fixed by the agreement, lienee no demand was necessary before suit. Frazee v. McChord, at the present term of this Court. The, place of delivery would have been the shop of the mechanic or furnisher. 2 Kent’s Comm. 505. The defendant below, without reference to the holder of the instrument, had only to have the gears completed and set apart at that place upon the day fixed for their delivery, and do suffer them so to remain, to ' *98 protect himself from harm, from an action by any person on account of them. Johnson v. Baird, 3 Blackf. 153 — 182; Dorman v. Elder, id. 490. If such would not have been the place of delivery, and the debtor had been notified of the assignment of the instrument, still, the assignee would not have been allowed to require their delivery at an unreasonable place.”
Judgment reversed, &e.