*J. Perry*, for the plaintiffs.

*J. B. Julian*, for the defendant.

---

## McKernon *v.* McCormick.

Suit on a note for 20 dollars, payable in scrip or plows in sixty days, for value received. The defendant pleaded that at the time of making said note, the parties resided in *Lafayette* and continued so to reside up to the commencement of the suit; that the defendant was a manufacturer of plows and kept a shop in *Lafayette* for that purpose; that on the day the note became due he was ready to pay the plaintiff the amount in plows of a good quality at his shop, according to the terms and meaning of the note; that the plaintiff did not attend at any time during said day to receive them; and that he has ever since been ready, and still is ready, to deliver said plows, &c., to the plaintiff on demand, &c. General demurrer to the plea sustained. *Held*, that the plea was bad.

APPEAL from the *Tippecanoe* Circuit Court.

BLACKFORD, J.—This suit was brought by the appellee

against the appellant before a justice of the peace. A note, in the following words, was filed as the cause of action: " Due *O. H. P. McCormick*, in state scrip or plows, in sixty days, twenty dollars, for value received. *May* 9th, 1843. (Signed) *I. H. McKernon*."

The cause was tried by the justice, and judgment rendered for the plaintiff. The defendant appealed to the Circuit Court.

In the Circuit Court, the defendant filed the following amended plea:

The defendant says that, at the time of making said note, the plaintiff and defendant resided in the town of *Lafayette*, and continued so to reside up to and until the commencement of this suit; that, at the time when said note was executed, and up to and until this suit was commenced, the defendant was a manufacturer of plows, and for that purpose kept a shop in said town of *Lafayette*, which was well known to the plaintiff; that, on the day the said note became due, to-wit, on the 8th of *July*, 1843, the defendant was ready to pay the plaintiff twenty dollars in plows, of a good and merchantable quality, at his, the defendant's shop, in *Lafayette*, according to the terms and meaning of said note; that the plaintiff did not attend at any time during said day, at said place, to receive the same; and that he has ever since been ready and still is ready to pay and deliver said plows, of a good and merchantable quality, to the plaintiff on demand.

This plea was demurred to generally, and the demurrer was sustained.

The cause was tried by the Court on the general issue.

The plaintiff gave the note in evidence. The defendant proved the same facts that are alleged in said amended plea. The Court gave judgment for the plaintiff.

Suppose, for argument's sake, that the note sued on had not been in the alternative, but had been merely for the payment, on a certain day, of a certain sum in plows. Suppose, also, that, by the express terms of the note, the plows were to have been delivered at the defendant's shop. Had that been the case, the defendant, on the day the

note fell due, could have set the plows apart for the plaintiff, at the shop, so that they would have been, from that time, the plaintiff's property. Such setting apart of the plows would have been a good defence to this suit. So, the defendant, instead of setting the plows apart, might have had them ready on the day the note came due, at his shop, to be delivered to the plaintiff, and have always afterwards kept them ready, *at the shop*, for the plaintiff, on his calling for them. Such a readiness would have, also, been a good defence. *Johnson* v. *Beard*, 3 Blackf. 153, 182. The plea before us relies, not upon a setting apart of the plows, but upon a readiness to deliver them. It fails to make out the defence. It alleges, to be sure, a readiness on the day, at the shop, to deliver the plows. It alleges, also, a readiness always afterwards, on the day, to deliver them. But it does not allege, as it ought to have done, that the defendant's readiness after the day was *at his shop*. It was as necessary to aver in the plea, that the continual readiness after the day to deliver the plows, was at the shop, as it was to aver that the readiness to deliver them, on the day, was at that place. For anything shown by the plea, the plows may have been always after the day the note fell due, not at the defendant's shop, but at some distant place where the plaintiff could not have been required to receive them.

The plea in question, therefore, would have been insufficient, had the note been merely for the payment, on a certain day, of a certain sum in plows, at the defendant's shop. It cannot, of course, be a defence where the note is payable in state scrip or plows at a certain time, saying nothing as to the place of payment.

The facts proved on the trial as a defence were, as we have already said, the same with those alleged in the amended plea.

*Per Curiam.*—The judgment is affirmed with 6 *per cent.* damages and costs.

*R. C. Gregory*, for the appellant.

*Z. Baird*, for the appellee.