Nov. Term,
1853.

BAILEY
v.
RICKETTS.

BAILEY *v.* RICKETTS and Others.

*A.* agreed to deliver to *B.,* between the 20th of *December,* 1851, and the 1st of *January,* 1852, four thousand shoulders, &c., to be paid for at the time of delivery. The place of delivery was not designated. *Held,* in a suit by *A.* against *B.* for the non-performance of the agreement, that the property should have been delivered to *B.* where *A.* had it at the time of the sale, or at *A.'s* usual place of business, and that a request to deliver it was unnecessary. But, *held,* that the declaration should have contained an averment that the plaintiff, at the time and place of delivery, was ready to receive and pay for the goods.

Where, by the statute of frauds, it is requisite that a contract sued upon should be in writing, the declaration need not aver that it was so—the provisions of the statute affecting only the rules of evidence and not those of pleading.

The time fixed for the performance of a contract was "the latter part of *January.*" *Held*, that the phrase must be construed to mean the whole of that part, and that a suit would not lie for the non-performance of the contract until the expiration of the month. *Held*, also, that the declaration of the defendants, before the end of the month, that they would not then, nor ever, deliver the goods, did not excuse the plaintiff from deferring suit until the end of the month.

Nov. Term, 1853.

BAILEY
v.
RICKETTS.

ERROR to the *Jefferson* Circuit Court.

DAVISON, J.—This was assumpsit commenced on the 24th of *January*, 1852, by the plaintiff against the defendants. The declaration contains seven counts. The defendants demurred severally to the first six. The demurrers were sustained. A nonsuit was taken as to the seventh count. Judgment was given for the defendants.

The first count is on a contract whereby the defendants promised the plaintiff to deliver him certain goods, viz., four thousand shoulders and two thousand hams, between the 20th of *December* 1851, and the 5th of *January*, 1852, for a specified price, to be paid on delivery. No place of delivery is designated in the contract; nor is there any allegation of a special request upon the defendants to deliver, &c. There is an averment that the plaintiff was at all times ready, &c., to receive and pay for the goods, according to the contract, to-wit, at, &c., of which the defendants had notice; and that they refused, &c. The fifth and sixth counts are in substance the same as the first.

These counts set forth a contract of sale. The time for delivery of the goods is stated, but no place was agreed on. Then, should the plaintiff have alleged a special request on the defendants to deliver the goods? The solution of this inquiry depends upon whether the nature of the contract points out the place of delivery. The law makes a distinction between a promise to pay an existing debt in specific articles, and a contract of sale. Where goods are to be delivered and the time is fixed, but no place designated, the debtor may call upon the

Monday,
December 5.

creditor to appoint a place of delivery. 2 Kent's Com. 505 *et seq.* " The debtor must show that he was ready to deliver the goods at the time and place appointed." 3 Blackf. 153. But in the contract before us the rule is different. The goods should have been delivered at the place where the defendants had them at the time of sale, or at their place of business. *Id. supra.* The law thus fixes the place of delivery. It was alike known to each party. And to sustain this action, a request to deliver the goods was not requisite.

However, in this case, the delivery and payment were to take place at the same time, and were to be concurrent acts. Neither party could have sustained a suit on the contract without alleging performance. The plaintiff, to complete his cause of action, should have averred that he was, at the time and place of delivery, ready to receive and pay for the goods. This he would have been bound to prove on the trial, whether the defendants were then and there ready to deliver or not. *Porter* v. *Rose,* 12 Johns. R. 209. None of these counts aver that the plaintiff was ready, &c., at the place of delivery. They are, on that account, substantially defective.

The third count sets forth a contract in writing for the delivery of the goods mentioned in the first. It alleges the payment of 2,100 dollars on the contract, and avers that it was modified: that is, the time of performance was, by consent of the parties, enlarged to the latter part of *January;* that in the latter part of *January,* viz., on the 24th of that month, the plaintiff called upon the defendants to deliver, but they refused and declared that they would not then, nor at any other time, deliver said goods. The second and fourth counts are in effect the same as the third.

In support of the demurrers to these counts, it is contended that the agreement to enlarge the time of performance is not stated to be in writing, and that, therefore, the plaintiff should have shown that it was founded upon a consideration. This position is not correct. " Where by the statute of frauds it is requisite that a

contract sued on should be in writing, the declaration need not state that it was so. The provisions of this statute affect only the rules of evidence, and not those of pleading." 1 Chitty Pl. 301, 304. The agreement to extend the time, &c., does not appear to have been verbal, and, in the absence of any averment on the subject, we will presume that it was in writing.

Another objection is raised to these counts. This suit was instituted on the 24th of *January*, when the time of performance was extended to the latter part of that month. It has been decided that where, by the terms of the contract, one party was to perform certain labor, and the other, in consideration thereof, to pay a sum of money in a certain month, an action commenced on the last day of the month was prematurely brought. Chitty on Cont. 730, 731. *Harris* v. *Blen,* 4 Shepley 175. The terms, "latter part of *January*," must be construed to mean the whole of that part. It follows that this suit was not maintainable until after the expiration of that period.

But it is insisted that the statement of the defendants, that "they would not then, nor at any other time, deliver the goods," excused the plaintiff from waiting longer. We are not of that opinion. That statement did not incapacitate them from fulfilling the contract. It was still within their power to perform within the time stipulated. Until the expiration of that time we know of no principle upon which they could be held liable.

The demurrers were well taken.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Sullivan,* for the plaintiff.

*J. G. Marshall,* for the defendants.