Crow *et al. v.* Carver, Guardian, etc.

Filed December 17, 1892.

---

No. 16,056.

Crow et al. *v.* Carver, Guardian, etc.

PRACTICE.—*Affirmative Answer. — Sustaining Demurrer to. — When Harmless Error.—General Denial*—Where a defendant answers by general denial, and, also, by an affirmative paragraph, and all matters set up in the affirmative paragraph can be proven under the general denial, the defendant can suffer no injury if a demurrer be sustained to such paragraph, and it will not be a cause for a reversal.

PLEADING.—*Answer by way of Confession and Avoidance.—Office of.—Cross Complaint.*—The office of an answer by way of confession and avoidance, is to set up matters which constitute a defense to the cause stated in the complaint. A pleading can not be both an answer and a cross complaint.

FRAUDULENT CONVEYANCE.—*Action to Set Aside.—Insolvency an Essential Element.*—In an action to set aside a fraudulent conveyance, it must be made to appear that the grantor was insolvent at the time of the conveyance, or the suit must fail.

VERDICT.—*Construction of.—Rule for.*—Verdicts are to receive a reasonable intendment and construction, and should not be avoided unless from necessity.

From the Montgomery Circuit Court.

*M. W. Bruner,* for appellants.

*M. A. Moore, G. C. Moore, S. C. Kennedy,* and *P. S. Kennedy,* for appellee.

Crow *et al. v.* Carver, Guardian, etc.

COFFEY, J.—This was an action by the appellee against the appellants, Albert E. Crow and Laura K. Crow, husband and wife, to set aside a fraudulent conveyance.

The complaint alleges, among other things, that the appellee recovered a judgment against the appellant, Albert E. Crow, in the Marion Superior Court, on the —— day of March, 1890, for the sum of $725.24; that after the commencement of the suit in which the judgment was recovered, the said Albert, by warranty deed, without any valuable consideration, voluntarily conveyed to the said Laura K. Crow the land described in the complaint; that such conveyance was made with the fraudulent intent to cheat, hinder, delay, and defraud the creditors of the said Albert, and especially the appellee; that the appellant, Laura K. Crow, did not, nor did any one for her, pay any valuable consideration for such conveyance; and that she knew at the time such conveyance was made that it was made by the said Albert E. Crow for the purpose of cheating and defrauding his creditors; that, after the execution of the conveyance, Albert E. Crow had not sufficient property left to pay his debt, nor has he now property sufficient for that purpose.

The appellant, Laura K. Crow, answered in two paragraphs, the first being a general denial. The court sustained a demurrer to the second paragraph of her answer, and she excepted.

The cause was tried by the court, which, upon request, made a special finding of the facts proven, and stated its conclusions of law thereon.

The appellants assign as error that the court erred in sustaining a demurrer to the second paragraph of the answer of Laura K. Crow; and, also, that it erred in its conclusions of law upon the facts found.

It is conceded by the appellants that all the matters set up in the second paragraph of the separate answer of Laura K. Crow were admissible in evidence under the general de-

nial.   In such case there can be no available error in sus-
taining a demurrer, for the reason that the party against
whom the ruling is made has sustained no injury.    *Wede-
kind* v. *Parsons,* 64 Ind. 290.

Affirmative relief is generally had upon a cross complaint,
and not upon answer; the office of an answer, by way of
confession and avoidance, being to set up matter which con-
stitutes a defense to the cause of action stated in the com-
plaint.

A pleading can not constitute both an answer and a cross
complaint.   *Washburn* v. *Roberts,* 72 Ind. 213; *Conger* v.
*Miller,* 104 Ind. 592.

There was no available error in sustaining the demurrer
of the appellee to the second paragraph of the separate
answer of the appellant, Laura K. Crow.   It appears from
the special finding of facts in the case, that the appellants
are now, and were at the date of the conveyance in ques-
tion, husband and wife.

On the 3d day of March, 1890, the appellant, Albert E.
Crow, conveyed to his co-appellant, Laura K. Crow, the
land described in the complaint, for the purpose of cheat-
ing, hindering and delaying his creditors, of which fraud-
ulent intent Laura K. had knowledge, and she accepted the
conveyance for the purpose of aiding him in his fraudulent
design.   At the date of the conveyance Albert had no
other property except a tract of land in Putnam county, of
the value of $5,633.60.   This land was incumbered by se-
nior liens in a sum greater than two-thirds of its value.
The court further finds that the conveyance did operate at
the time it was made, and still operated at the time of trial,
to cheat, hinder, delay and defraud the creditors of Albert
E. Crow.

The insolvency of Albert E. Crow, at the time of the
conveyance, sufficiently appears.   The appellee could not
have sold more than two-thirds of the Putnam county land;
and, as that was covered by senior liens to an amount in

excess of its value, nothing could have been realized by offering it for sale. Upon a sale of that land by the sheriff, the title to one-third of it would have vested in the appellant, Laura K. Crow. Section 2508, R. S. 1881; *Main* v. *Ginthert*, 92 Ind. 180; *Leary* v. *Shaffer*, 79 Ind. 567.

It is also earnestly contended by the appellants that it does not appear by the special finding, that Albert E. Crow was insolvent at the date of the commencement of this suit. This fact must appear, otherwise there would be no necessity for setting aside the conveyance. *Taylor* v. *Johnson*, 113 Ind 164; *Cox* v. *Hunter*, 79 Ind. 590.

If he was not insolvent, and had ample property with which to pay his debts, the conveyance could not operate as a fraud upon his creditors. It becomes necessary, therefore, to construe the special finding now under consideration, and, in doing so, we must keep in mind the rule that verdicts are to receive a reasonable intendment and construction, and are not to be avoided unless from necessity. *Daniels* v. *McGinnis*, 97 Ind. 549; *Jones* v. *Julian*, 12 Ind. 274.

The finding is, as we have seen, that the conveyance in question, at the time it was made, and at the time of trial, operated to defraud the creditors of Albert E. Crow. This could not be true if he was solvent. As we construe the finding, it shows that Albert E. Crow's financial condition remained the same from the date of the conveyance to the date of the trial. Of course that embraces the date of the commencement of the suit.

In our opinion the court did not err in its conclusions of law upon the facts stated in the special findings.

Judgment affirmed.

Filed November 16, 1892; petition for a rehearing overruled December 30, 1892.