## MAGIC PACKING COMPANY ET AL. *v.* THE STONE-ORDEAN WELLS COMPANY.

[No. 19,837.   Filed May 22, 1902.]

SALES.—*Options.*—An optional agreement to sell property, without obligation to purchase or accept, may be enforced, if made upon a proper consideration.  *pp. 539, 540.*

CONTRACTS.—*Consideration.*—*Negotiability.*—*Pleading.*—In this State contracts negotiable under the law merchant, or assignable under the provisions of the statute, import a consideration, and in an action thereon consideration need not be averred.  *p. 540.*

CORPORATIONS.—*Insolvency.*—*Transfer of Property to New Corporation.*—*Equity.*—Where a corporation that is insolvent transfers all of its property, without consideration, with fraudulent intent to cheat, hinder, and delay its creditors, to a new corporation incorporated by substantially the stockholders of the old corporation for the purpose of receiving the transfer, such new corporation is liable for the debts of the old corporation, at least to the extent of the property so acquired, and equity will regard such a transaction as a mere continuation of the former corporation under a different name.  *pp. 540, 541.*

CONTRACTS.—*Enforcement.*—*Condition Precedent.*—*Pleading.*—In an action on a contract for a breach thereof, it must be alleged, as to conditions precedent, that the party seeking to enforce the same has complied with all such conditions of said contract on his part, or state facts showing a proper excuse for not doing so, and, as to concurrent conditions, must allege facts showing that he was ready and willing to perform the same on his part.  *pp. 541, 542.*

INTERNAL REVENUE.—*Depositions.*—No error was committed in overruling a motion to suppress depositions for the reason that no revenue stamp was placed on the certificates of the notary public before whom the depositions were taken, as required by the internal revenue law.  *p. 542.*

From Delaware Circuit Court; *J. G. Leffler*, Judge.

Action by the Stone-Ordean Wells Company against the Magic Packing Company and Magic City Canning Company for damages for the breach of a contract. From a judgment for plaintiff, defendants appeal. Transferred from the Appellate Court, under §1337u Burns 1901. *Reversed.*

*J. Bingham* and *J. Long*, for appellants.

Monks, J.—Appellee sued appellants to recover damages for breach of a written contract, and recovered judgment. The assignment of errors calls in question the action of the court in overruling the separate demurrer of each appellant to each paragraph of the complaint, and the action of the court in overruling the separate motion of each appellant for a new trial.

By the terms of the written contract sued upon, dated September 9, 1898, the Magic City Canning Company sold to appellee "250 cases (1 doz. cans to the case) gallon apples, at $2 per dozen, less fifteen cents per cwt. freight allowance. Cans to be well filled with new Michigan winter apples. Shipment to be made as soon as possible after packing, subject to approval of sample when packed. To be packed at Grand Rapids, Mich. Swells guaranteed until July 1, 1899. * * * Terms: Sixty days acceptance, or cash, less 1½ per cent. in ten days."

It is insisted by appellants that the contract sued upon was "a mere option; that appellee was not bound to accept and pay for the apples, but only had the privilege of doing so, which privilege it would exercise, and approve said apples if it desired them, but if the price went down, and it did not desire the apples for that reason, it was at liberty to reject the sample submitted, on any ground and for any reason it saw fit, without assigning any cause; that such a contract was without consideration."

An optional agreement to sell property, without any obligation to purchase or accept, may be enforced, if made upon a proper consideration. 1 Mechem on Sales, §§263, 264;

*Herrman* v. *Babcock,* 103 Ind. 461, 464; *Souffrain* v. *McDonald,* 27 Ind. 269; *Cherry* v. *Smith,* 3 Humph. (Tenn.) 19, 39 Am. Dec. 150, and note p. 152; *Dambmann* v. *Rittler,* 70 Md. 380, 17 Atl. 389, 14 Am. St. 364; Waterman on Spec. Perf., §200; Pomeroy on Cont., §169; Clark on Cont., 49-52, 666. See, also, *Singerly* v. *Thayer,* 108 Pa. St. 291, 2 Atl. 230, 56 Am. Rep. 207; *Gibson* v. *Cranage,* 39 Mich. 49, 33 Am. Rep. 351; *Zaleski* v. *Clark,* 44 Conn. 218, 26 Am. Rep. 446; *Brown* v. *Foster,* 113 Mass. 136, 18 Am. Rep. 463; *McCarren* v. *McNulty,* 7 Gray (Mass.) 139; *McClure* v. *Briggs,* 58 Vt. 82, 2 Atl. 583, 56 Am. Rep. 557; 1 Mechem on Sales, §§657, 668; Benjamin on Sales (7th ed.), pp. 607, 608, note 12; Leake on Contracts (3rd ed.), pp. 554, 555.

In this State contracts negotiable under the law merchant, or assignable under the provisions of the statute, import a consideration, and in an action thereon no consideration need be averred. *Durland* v. *Pitcairn,* 51 Ind. 426, 438 and cases cited; *Louisville, etc., R. Co.* v. *Caldwell,* 98 Ind. 245, 252. The contract sued upon was assignable under the provisions of §7515 Burns 1901, §5501 R. S. 1881, and Horner 1901, in force since July 1, 1861, and, even if no consideration is shown on the face thereof,—a question we need not and do not decide,—it was not necessary to allege in the complaint a consideration therefor.

Counsel for the Magic Packing Company, one of the appellants, insist that, as said appellant was not a party to the contract sued upon, the court erred in overruling its demurrer to each paragraph of complaint. It appears from the second paragraph of complaint that the Magic City Canning Company, with the fraudulent intent and purpose to cheat, hinder, and delay its creditors, including appellee, transferred and conveyed, without any consideration whatever, to the said Magic Packing Company, all of its property, real and personal, described in said paragraph, including its orders and contracts for the sale of goods, and that

said Magic Packing Company participated in said fraudulent intent and purpose; that said Magic City Canning Company had, at the time of making said transfer and conveyance, and at the time of bringing this suit, no other property subject to execution with which to pay its debts, except that transferred and conveyed as aforesaid, but was when the same were made, and at all times since has been, and now is, insolvent and unable to pay its debts; that said Magic Packing Company was incorporated on January 28, 1899, after the execution of the contract sued upon, by the members and stockholders of the Magic City Canning Company and others; that the incorporators of the Magic Packing Company were substantially the stockholders of the Magic City Canning Company. We think said allegations were sufficient as against said Magic Packing Company, although it was not a party to said contract. *Shew* v. *Hews,* 126 Ind. 474, 475; *Crow* v. *Carver,* 133 Ind. 260; *Slagle* v. *Hoover,* 137 Ind. 314, 316; *Vansickle* v. *Shenk,* 150 Ind. 413, 414.

Moreover, it has been held that, if a corporation which is insolvent and unable to pay its debts transfers all of its property, without any consideration whatever, with the fraudulent intent to cheat, hinder, and delay its creditors, *to a new corporation incorporated by substantially the stockholders of the old corporation for the purpose of receiving the transfer, such new corporation is liable for the debts of the old corporation, at least to the extent of the property so acquired; that equity will regard such a transaction as a mere continuation of the former corporation under a different name. *Blanc* v. *Paymaster, etc., Co.,* 95 Cal. 524, 532, 535, 30 Pac. 765, 29 Am. St. 149; *Montgomery Webb Co.* v. *Dienelt,* 133 Pa. St. 585, 595-598, 19 Atl. 428, 19 Am. St. 663; Taylor on Corporations (4th ed.), §§657, 667.

In this State, in an action on a contract for a breach thereof, it must be alleged, as to conditions precedent, that the party seeking to enforce the same has complied with all such conditions of said con-

tract on his part (§373 Burns 1901, §370 R. S. 1881, and Horner 1901), or state facts showing a proper excuse for not doing so, and, as to concurrent conditions, must allege facts showing that he was ready and willing to perform the same on his part. 4 Enc. of Pl. & Pr., 932; Clark on Contracts, 664, 665, 668; *Chun* v. *Howard,* 3 Blackf. 163, 165, and cases cited; *Vankirk* v. *Talbot,* 4 Blackf. 367; *Bailey* v. *Ricketts,* 4 Ind. 488; *Adams* v. *Dale,* 29 Ind. 273; *Skehan* v. *Rummel,* 124 Ind. 347, 348. See, also, *Armstrong* v. *Rockwood,* 53 Ind. 506, 508; *Mellon* v. *Coffelt,* 59 Ind. 310, 314; *People's, etc., Assn.* v. *Reynolds,* 17 Ind. App. 453, 456. For the failure to comply with this rule of pleading, each paragraph of complaint was bad.

The court overruled appellants' motion to suppress two depositions taken in another state, for the reason that no revenue stamp was placed on the certificates of the notary public before whom the depositions were taken, as required by §14, Internal Revenue Law of June 13, 1898. This ruling of the court was correct. *Smith* v. *Hunter,* 33 Ind. 106; *Wallace* v. *Cravens,* 34 Ind. 534; *Prather* v. *Zulauf,* 38 Ind. 155, 159; *Moore* v. *Quirk,* 105 Mass. 49, 7 Am. Rep. 499; *Green* v. *Holway,* 101 Mass. 243, 3 Am. Rep. 339; *Burson* v. *Huntington,* 21 Mich. 415, 4 Am. Rep. 497; *Sammons* v. *Halloway,* 21 Mich. 162, 4 Am. Rep. 465; *Duffy* v. *Hobson,* 40 Cal. 240, 6 Am. Rep. 617; *Moore* v. *Moore,* 47 N. Y. 467, 7 Am. Rep. 466.

Judgment reversed, with instructions to sustain appellants' demurrers to each paragraph of the complaint, and for further proceedings not inconsistent with this opinion.