# COMMISSIONERS' COURT OF TALLAPOOSA *vs.* TARVER.

1. On motion for *mandamus*, the return which is made to the alternative writ is not required to be verified by the oath of the party; it is taken as true by the court, and, in the absence of any statute providing for traversing the return, the party injured must proceed for the false return, and if it be found false by the jury, he recovers damages equivalent to the injury sustained, together with a peremptory *mandamus* to the defendant to do his duty.

2. The statute allowing the defendant to plead as many matters as he thinks necessary to his defence, applies to proceedings by *mandamus*, as well as to other causes at law.

3. The statute of Anne ch. 20, which allows the facts stated in the return to the alternative writ in cases of *mandamus* to be traversed and tried by a jury, not being in force in this State, the facts must be pleaded with such a degree of certainty, as to enable the court to decide whether they are in law sufficient to justify the party in failing to do the act.

4. Where commissioners are appointed, under an act of the Legislature, to contract for and superintend the erection of county buildings, the acts of the majority, in making the contract and receiving the buildings, are binding on all; but one cannot be held responsible for the acts or defalcations of the others.

5. The act of 1843 (Pamphlet Acts, 134) authorizing the Commissioners' Court of Tallapoosa to levy a county tax for the purpose of discharging the liability previously incurred by certain commissioners appointed under acts of the Legislature, to contract for the erection of certain county buildings, was intended to cover the liability legitimately incurred by them in the discharge of their public duties; and counsel fees incurred by them, acting in good faith, in the defence of a suit instituted against them by the contractors, properly constitute a part of that liability.

6. Before the Commissioners' Court could be compelled to levy the tax authorized by the act of 1843, it was the duty of the relator to prove to the court the extent of the liability incurred by him, as one of said commissioners, in the discharge of his official duties; and an answer averring that said court had refused to make the appropriation to meet his liability, because he had never afforded to the court any proof or information as to the extent of his liability, is a sufficient answer to the alternative writ issued to them, on his application for a *mandamus* to compel them to levy the county tax.

ERROR to the Circuit Court of Chambers.

This was an application by the defendant in error for a *mandamus* against the Commissioners' Court of Tallapoosa, to compel them to levy a tax under the act of 1843, (Pamphlet Acts, 134,) to discharge the liability incurred by the rela-

tor, who was one of the commissioners appointed under a previous act of the Legislature to contract for and superintend the erection of a court-house and jail in Tallapoosa. This liability consisted of a judgment rendered against the relator and some of the other commissioners, in favor of the contractors, and counsel fees incurred by them in the defence of the suit. The petition, in addition to the above facts, alleged that the relator had faithfully applied all the public funds in his hands to the extinguishment of this debt; that he had repeatedly made application to said Commissioners' Court, and that said court had made a partial payment on said judgment, but refused to pay the balance, or to refund to the relator the amount paid by him out of his private funds, or the amount for which he has become individually responsible in the defence of said suit.

A rule *nisi* was granted against the said Commissioners' Court, who afterwards appeared by attorney, and demurred to the petition. The court sustained the demurrer, and dismissed the relation; but its judgment was reversed by the Supreme Court, on writ of error. See 17 Ala. 527.

The Commissioners' Court then filed an answer to the petition, alleging in substance:

1. That the said court-house and jail were insufficiently built, and ought not to have cost more than the sum of money which was contracted to be paid for them; that the county ought not to pay more than they were really worth; that if they were built according to contract, the court-house commissioners acted in bad faith; and if they were not built according to contract, they ought not to have been received; that the relator and the other commissioners had received all payments to which they were justly or legally entitled, having received upwards of the sum of $18,000;

2. That said relator and the other commissioners had sold and disposed of lots in the town of Dadeville, amounting to $18,000, and upwards, which sum was the appropriate fund for erecting said county buildings, and was sufficient for that purpose; that this sum should have been appropriated to that object, before the said commissioners or relator could of right call upon the county for an appropriation; that said commissioners and relator wholly failed and neglected to ac-

count for this sum, and therefore nothing is due to them; that they have received from the sale of said lots full satisfaction and indemnity for all liability incurred by them in the erection of said county buildings;

3. That neither the relator nor the other commissioners are entitled to counsel fees, or costs, or expenses incurred by them in defending said suit, for the reason that they acted upon their own responsibility in submitting to a lawsuit;

4. That upon an examination of the records, files and dockets of the said Commissioners' Court, no evidence whatever could be found of any motion, petition or application of any kind, by the said commissioners or relator, for an appropriation for the payment of said judgment, or of said fees, costs or expenses of suit, or any demand of any kind whatever; nor could any evidence of any demand or account be found, although said commissioners were required to file the same; and that, therefore, no legal or proper application had in fact been made, and that said Commissioners' Court had never refused to make appropriations, and to levy and collect taxes for the liabilities incident to the erection of said county buildings, on any proper application and proof by said relators and said commissioners;

5. That said Commissioners' Court had levied and collected taxes, and paid over to said relator, or to the satisfaction of said judgment, the full amount for which the county is or ought to be responsible;

6. That said Commissioners' Court had always been ready to levy and collect taxes, and pay the necessary expenses of erecting said court-house and jail, and to pay said relator and other commissioners all moneys necessarily laid out by them in the erection of said buildings, whenever the said relator or commissioners would make out and present to said court a fair account and exhibit of their transactions as such commissioners, and present his or their demand, properly and legally proved, which said relator has neglected and refused to do; and that said court has never refused to levy and collect taxes for the relief of said relator and the other commissioners, upon a proper application and proof of their demand;

7. That the relator had never presented or proved any demand, for liabilities incurred by him in the erection of said

court-house and jail, to the said Commissioners' Court, for allowance or payment; that if said court had ever refused to make such allowance or appropriation, it was because there was no evidence of any debt or liability of any character presented to said court, by or in behalf of said relator, nor any evidence of any liability on the part of the county to pay the same.

This return was made in the name of the said Commissioners' Court, and was verified by the oath of one member of that court. On motion of the said relator, the return was quashed, and judgment was rendered awarding a peremptory *mandamus.* The quashing of the return, and the awarding of a peremptory *mandamus,* are now assigned for error.

BELSER and LEFTWICH, for plaintiffs in error:

1. The various acts of the Legislature, touching the authority of the commissioners to sell the lots, collect the money and have the court-house and jail constructed, are contained in the following pamphlets: Acts of 1833, p. 49; ib. 1834, 95; ib. 1841, 130; ib. 1843, 134.

2. These several acts have been reviewed in the present case, at a former term of the court, and, on demurrer, the relation of Tarver on its face was held valid; the court leaving for after consideration the merits of the question. Tarver v. Com'rs &c., 17 Ala. 530.

3. The truth of the respondents' return is never allowed to be controverted, and the court will not enter into an inquiry to ascertain the truth of the facts set forth in it; but if incorrect, the aggrieved party will be left to his action for a false return. Board v. Grant, 9 Sm. & M. 77; State v. Bridge Co., 3 Harr. 540; Brosius v. Beuter, 1 Harr. & Johns. 551.

6. The response of the defendants to the plaintiff's relation, embraces several grounds of defence, which are distinctly set forth in it. The quashing of the relation was erroneous, and the court, on the relation and answer, should not have quashed the latter nor ordered the *mandamus.* The relator had another remedy. Spring. v. Hampden, 10 Pick. 59; Justices v. Hoodenpyle, 7 Hump. 145; People v. Mayor, 25 Wend. 685.

7. A return is sufficient, if it contains a full and certain answer to all the allegations expressly made, and discloses a

fair legal reason why the *mandamus* should not be obeyed. Springfield v. Hampden, 10 Pick. 68; King v. Arch Bishop, 6 Term 495; King v. Lyme, Doug. 159; Brosius v. Beuter, 1 Harr. & Johns. 557.

8. The Commissioners' Court should have been called on to audit the claim of Tarver, before it could be called on to make the allowance. Falkner v. Judge, 19 Ala. 177; Clay's Digest, 192, §§ 1, 2; ib. 578, §§ 12, 13.

9. In all such cases, the relator holds the affirmative. People v. Throop, 12 Wendell, 183.

10. The pleadings in the case on the part of the defendants, are not contradictory. There is no one defence which substantially denies the other. Besides, a defendant now can interpose as many pleas as he thinks proper, in any case at law. Springfield v. Hampden, 10 Pickering, 68; Clay's Dig. 332, § 109; Bank of Albany v. Canal Com., 10 Wendell, 25; Rex v. Dullen, Com., Beatty's Rep. 628.

11. By the statute, the duty which is to be performed by the Commissioners' Court, is more than a mere ministerial duty. It is a judicial one; and if a judicial one, the *mandamus* must be refused. Clay's Digest, 142, §§ 1, 2; ib. 578, §§ 12, 13; 19 Ala. 177; Decatur v. Paulding, 14 Peters, 514; see Acts 1841 and 1843.

FALKNER, RICE and PARSONS, *contra:*

The first assignment of error cannot be sustained. When this case was here at a previous term, this court decided that the petition was sufficient to entitle the defendant in error to the relief prayed for. See Tarver v. Com. Ct., 17 Ala. 527.

The second assignment of error cannot be sustained; because, on motion, both parties had leave to amend pleadings, without objection, and it seems to have been granted at the instance of both parties, and both parties have availed themselves of the leave granted; the plaintiffs in error, therefore, cannot be heard to object on this ground. The return was not sufficiently verified. 1 Kelly's R. 271.

The third assignment of error is disposed of by the previous decision of this court in this case. (17 Ala. 527.) This court will presume that the amendment was verified, nothing to the contrary appearing in the record, and no objection be-

43

ing made at the time the amendment was made on that ground. It being made in open court, this court will presume that the Circuit Court did its duty in requiring the amendment to be presented in a proper manner.

The fourth assignment must fail; the return not being certain to any certain intent, and being argumentative and not stating facts, and showing no good cause why the writ should not be granted, was properly quashed. See Bouvier's Bacon's Abridgment, 447, 448, 449, and authorities cited; 9 U. S. Digest, (1849) p. 327, § 13.

The judgment was rendered on proper proof made to the court, the defendants below declining to plead or answer over, and ascertains particularly the plaintiff's demand. In these cases the proper judgment is, that a peremptory *mandamus* issue. County of Pike v. The State, 11 Illinois, 262; 11 B. Monroe, 143; 31 Maine, 272.

That the answer or return of defendants is insufficient and otherwise defective, and was properly quashed by the court, see Commercial Bank of Albany v. Canal Commissioners, 10 Wendell, 25, and authorities cited, which is believed to be conclusive; see, also, 6 Bacon's Abr. 447.

As to the appointment of the court-house and jail commissioners, (of whom Tarver was one,) see Pamphlet Acts 1841, p. 130.

That the Commissioners' Court has no discretion in levying and collecting and appropriating the amount of the judgment and other expenses, see Pamphlet Acts of 1843, 134, and 17 A. R. 527, where said act is construed.

The copy of the order of the Commissioners' Court, appended to both the petition and the return, by which they refuse to pay more than the sum there appropriated, is a positive refusal to pay the balance of said judgment, and falsifies other parts of the return.

The whole return is contradictory, and according to the rule in Bacon, (above cited,) was properly quashed. 6 Serg. & R. 469; 1 ib. 254.

The fund arising from the sale of town lots, is appropriated to the benefit of the town of Dadeville. See Pamphlet Acts, 1844-5, p. 51.

The exhibits attached to the return sustain the relation,

and utterly overthrow the averments contained in the seventh ground taken in the return. They show that a demand was made, that proof was made, and that the court acted on it.

GOLDTHWAITE, J.—The act of the Legislature of the 13th of February, 1843, (Acts 1843, 134,) which provided that it should be lawful for the Court of Commissioners of Roads and Revenue of the county of Tallapoosa to impose such a tax, in addition to the tax laid for county purposes, as should be necessary to pay any amount of money that the court-house commissioners should be liable to pay for building a court-house and jail in said county, was construed by this court on a previous adjudication of this case (17 Ala. 527) as compulsory on the Commissioners' Court of Tallapoosa county, to levy the amount required to discharge the liabilities of the court-house commissioners; and it was also held, upon demurrer to the petition of the relator, that sufficient appeared upon the face of the petition to entitle him to the relief sought.

The only question now presented is, as to the sufficiency of the return; and it is insisted in argument, that the return is insufficient in not being verified by the oaths of all of the defendants. This objection cannot prevail. The return which is made to the alternative writ we do not understand is required to be verified by the oath of the party. It is taken as true by the court; and, in the absence of any statute providing for traversing the return, the party injured must proceed for the false return, and if found to be false by the jury, he recovers damages equivalent to the injury sustained, together with a peremptory *mandamus* to the defendant to do his duty. 3 Black. Com. 111.

Several distinct and separate grounds are taken in the answer, as a justification on the part of the defendants below in not levying the tax; but there is no error in this, as the statute (Clay's Dig. 332, § 109,) allows the defendant, in all cases, to plead as many matters as he thinks necessary to his defence; and we see no good reason why this act should not apply to proceedings by *mandamus*, as well as to other causes at law. The terms are broad enough to admit of this construction, and the evils which were intended to be removed by its enactment would be but partially suppressed, if the

beneficial operation of the statute was to be confined to common law actions commenced by original writ. The same reasons exist for its application to cases like the present, as in other cases at common law. If, therefore, any one of the grounds which have been taken by the defendants below would, of itself, be a sufficient answer to the petition, it follows, that the writ should not have been allowed, and that the judgment of the court below, in quashing the return, was erroneous.

In relation to the degree of certainty which is required in the pleadings in cases of *mandamus*, the English rule has been somewhat relaxed since the statute of Anne, ch. 20, which allows the facts stated in the return to be traversed and tried by a jury. 1 Evans' Stat. 176; Stephens' Nisi Prius, 2330; but, as in this State no such statute is in force, the facts must be pleaded with such a degree of certainty as to enable the court to decide whether they are, in law, sufficient to justify the party in failing to do the act.

Under the rules we have laid down, that portion of the return which goes to the insufficiency of the buildings cannot be sustained. The act of 1843 was passed after the liability of the commissioners accrued, and that liability, as the petition alleges, was fixed by the judgment; but independently of this, there is nothing stated in this head of the answer that shows with certainty and precision that the relator was not liable. The contracts may have been entered into, and the court-house and jail received by the other commissioners, and in relation to duties of this character the acts of the majority are binding. Caldwell v. Harrison, 11 Ala. 755. But again, there is no averment as to what the buildings were actually worth; no averment of the precise amount which the relator or the other commissioners have received. It would be impossible to render a judgment upon a plea as defective as this is.

The second head is equally defective. There is no principle upon which the relator could be held responsible for the acts or defalcations of the other commissioners. Independent of the manifest injustice which would be worked, it would be difficult to find any person, if this construction was to prevail, who would take upon himself public duties in connection with

Commissioners' Court of Tallapoosa v. Tarver.

others. If the other commissioners received any portion of the proceeds of the lots, and failed to apply them to the erection of the public buildings of the county, as they were by law required to do, it furnishes no reason for failing to levy the tax which was necessary to discharge the liability of the relator, leaving it to the county to assert its claim against the defaulting commissioners in the manner provided by law. Clay's Dig. 578, § 15. It is not alleged, that the relator has collected a sufficient amount of the funds provided for the erection of the county buildings to pay for the same ; but the averment is, that that amount has been collected by him or the other commissioners, and the amount which it is averred has been collected is not stated. Unless the amount has been received by the relator, it is not an answer to the application.

The third ground which is taken is, that the relator is not entitled to fees, costs or expenses for the defence of the suit. If the commissioners, acting in good faith, regarded it as necessary to defend the suit commenced against them, it was their duty so to do; and the expenses legitimately incurred in the discharge of their public duties, properly constitute the liability intended to be covered by the act of 1843; and such we understand to have been the decision of this court when the case was last before it. 17 Ala. 527.

The fourth, fifth and sixth grounds, as stated in the answer, are also defective; the fourth being entirely inferential, in drawing the deduction that no account had been presented, from the fact that no evidence, petition or motion was to be found upon the files of the court, the averment in substance being simply, that no proper application had been made; while the other two are defective in that degree of certainty which is required, as well as in stating legal conclusions rather than facts.

The seventh and last ground of the return, however, we consider as well taken. By the act of 1843, before referred to, it was made the duty of the Court of Commissioners of Roads and Revenue of Tallapoosa county to impose a tax sufficient to discharge the liability of the court-house commissioners of that county; but in order to impose this tax, it was necessary that the court should be advised of the extent of the liability which the tax was intended to meet. The ac-

tion of the court-house commissioners was entirely indepen-
dent of the Court of Commissioners of Roads and Revenue,
and, upon a proper construction of the act which required the
tax to be levied, we are satisfied that it was incumbent on the
relator to have established his liability, before he could call
upon the Commissioners' Court to levy a tax for the purpose
of discharging it. It certainly could not have been the in-
tention of the Legislature, to require the court to act without
any authentic information before it to regulate its action upon.
The proper course for the relator to have pursued would have
been, to prove to the court the extent of his liability; and if,
upon making that proof, the court refused to assess the neces-
sary tax to discharge it, the performance of the duty could
be compelled by a *mandamus*. The answer, in this respect
we think, is full and sufficient. It shows, in substance, that
no information has been afforded to the court as to the extent
of the relator's liability; that no demand for any liability has
been presented or proved by him, or on his behalf; and it
avers, that if the court has ever refused to make an allowance
or appropriation to meet the liability, it has been for these
reasons. This ground we consider a full justification for the
defendants in refusing to act, and this being the case, it fol-
lows, that the court below erred in quashing the return; and
as the return must be taken as true, and cannot be traversed,
the judgment must not only be reversed, but judgment here
rendered dismissing the writ.