# COMMISSIONERS' COURT OF TALLAPOOSA CO. *vs.* TARVER.

[APPLICATION FOR MANDAMUS TO COMPEL COURT OF COUNTY COMMISSIONERS TO LEVY SPECIAL TAX TO PAY CLAIM AGAINST COUNTY.]

1. *Sufficiency of return to rule nisi.*—Where the proceeding was instituted to compel the levy of a county tax, under the authority conferred on the commissioners' court by a special statute, to discharge the liability previously incurred by certain commissioners who were appointed to contract for the erection of county buildings; and the relator alleged, that a portion of the last payment on the debt was made by him out of his own private funds, and that the balance of the debt was paid out of assets and effects belonging to the county, arising from the sale of town-lots in Dadeville;— *held,* that an answer, alleging " that the several sums of money set out in said application were paid by the said relator out of moneys arising from the sale of town-lots in Dadeville by the court-house commissioners of the county, and not out of the individual and private funds of said relator," was sufficient.

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. ROBERT DOUGHERTY.

THE proceedings in this case were instituted by Benjamin S. Tarver, by a petition for a *mandamus* against the commissioners' court of Tallapoosa, to compel the levy of a tax under the authority conferred upon said court by the special act of 1843, (Pamphlet Acts, 134,) to discharge a certain liability which had been previously incurred by the relator and others, who had been appointed commissioners to contract for the erection of certain county buildings. This liability consisted of a judgment which had been rendered against said commissioners, in favor of the contractors, and counsel fees incurred in defending the suit. The petition alleged, in addition to these facts, that the commissioners paid off all the notes which they had executed to the contractors for the erection of the county buildings, except the one last falling due, which amounted to $3,500, and which was only partially paid by them, while the balance was paid by the relator out of his own private funds ; that these payments were made by

Commissioners' Court of Tallapoosa Co. v. Tarver.

said commissioners out of the effects and assets belonging to the county, arising from the sale of town-lots in Dadeville ; that on their refusal to pay the balance due on the last note, on the ground that the buildings had not been erected in accordance with the terms of the contract, the contractors instituted an action on the note, and recovered judgment against them, and it was the balance due on this judgment which the relator was compelled to pay out of his individual funds ; that he afterwards presented his claim for reimbursement to the commissioners' court, substantiated by proper proof, and asked an appropriation for its payment ; and that the court refused to make any appropriation for his benefit, and refused to levy the tax which they were authorized to levy for the purpose.

In return to a rule *nisi* the defendants filed an answer, alleging, among other things, "that the said several sums of money set out in said application, were paid by said Tarver out of moneys arising from the sale of town-lots in the town of Dadeville by the court-house commissioners of Tallapoosa county, and not out of the individual and private funds of said Tarver."

The court quashed the return as insufficient, and awarded a peremptory *mandamus;* and its judgment is now assigned as error.

J. T. LEFTWICH, for the appellant, contended that the return was sufficiently definite and certain, and cited the following cases : 11 Modern, 174; 7 *ib.* 84; 10 *ib.* 101; 12 *ib.* 2, 3; Salkeld, 434; Fitzh. 195; Shower, 252, 154; 2 Ld. Raym. 1404; 1 *ib.* 564; 1 Sid. 210; 6 T. R. 490; 2 Stephens' N. P. 2326; 2 Wheaton's Selw. 281; 5 B. & A. 731; Petersdorf's Abr. vol. 12, 363.

WM. H. BARNES and J. FALKNER, *contra,* insisted that the return was insufficient, because it did not allege that the money arising from the sale of the town-lots belonged to the county, and was the appropriate fund for the payment of the debt ; citing, to this point, 10 Wendell, 25, 32 ; 6 Serg. & Rawle, 469–76 ; 1 *ib.* 254; 6 Bacon's Abr. 447–8.

STONE, J.—A case between these parties, instituted for the same purpose for which this proceeding was instituted, has heretofore been in this court, and legal principles were then settled which must govern this case.—Commissioners' Court of Tallapoosa v. Tarver, 21 Ala. 661. Those principles need not be here repeated.

In the petition for *mandamus*, the following language occurs : " Your relator would further show unto your Honor, that all of said notes were paid off and fully discharged, except the last one, which was for the sum of thirty-five hundred dollars ; which said payments of said notes were made by the said commissioners aforesaid out of effects and assets belonging to the said county, arising from the sale of town-lots in the town of Dadeville; and part of the last note for thirty-five hundred dollars was also paid by said commissioners in the same way, and from the same source." The petition then proceeds to state, that a balance of said note for thirty-five hundred dollars, amounting to over two thousand dollars, was paid by relator out of his private funds; and he instituted these proceedings to obtain reimbursement of the sum thus alleged to have been paid.

The answer sets forth, " that the several sums of money set out in said application were paid by the said Tarver out of moneys arising from the sale of town-lots in the town of Dadeville by the court-house commissioners of Tallapoosa county, and not out of the individual and private funds of the said Tarver."

The petition for *mandamus*, in its general frame and purpose, shows that the proceeds of the sale of the town-lots in the town of Dadeville, were trust funds for the erection of a court-house and jail for said county; and, viewed in connection with the answer above copied, we hold that the relator's claim is met and negatived, with the " degree of certainty" requisite in such cases.—Commissioners' Court of Tallapoosa v. Tarver, 21 Ala. 668.

Whether any of the other answers are sufficient we need not inquire.

If the answer be false, the relator is not without remedy. See 21 Ala. 661.

The judgment of the circuit court is reversed, and judgment here rendered dismissing the writ.

RICE, C. J., not sitting.