# Loeb & Bro. *v.* Drakeford.

*Bill in Equity by Creditor to Subject Securities held by another Creditor to Payment of his Demands.*

1. *Joint power of attorney: how exercised.*—In private agencies, a joint power of attorney to two or more persons can not be executed by one of them alone; but in its execution all must act jointly.

2. *Same; delegation of.*—Nor can one of the agents delegate to another authority to act for him in the execution of such power.

APPEAL from Montgomery Chancery Court.

Heard before Hon. JOHN A. FOSTER.

This was a bill in equity by Loeb & Bro. and Griel Bros. & Co. against A. H. Drakeford and others, as the executors of the last will and testament of Thomas B. Dryer, deceased, and Lehman, Durr & Co. and others; and was filed on 1st August, 1882. The purpose of the bill, and the facts necessary to an

[Loeb & Bro. v. Drakeford.]

understanding of the points decided, are sufficiently stated in the opinion.

On the hearing, had on pleadings and proof, the chancellor, being of the opinion that the complainants were not entitled to relief, caused a decree to be entered, dismissing the bill; and that decree is here assigned as error.

SAYRE & GRAVES, for appellants.

W. C. BREWER, contra.

SOMERVILLE, J.—The purpose of the present bill is to claim the benefit of certain mortgages and other collateral securities placed in the hands of Lehman, Durr & Co. by one Thomas B. Dryer, in the latter part of the month of March, in the year 1881. Dryer was indebted to complainants for advances made to him during that year, and also for antecedent debts aggregating about two thousand dollars, and based on previous transactions. The theory of the bill is, that there was an express agreement made by Dryer, during his life-time, that the old, or pre-existing debt should be paid out of these securities. The whole question is as to the existence of such an agreement. It is not contended that such a contract was made with the deceased in person, but only with his authorized agents.

The written instruments introduced in evidence very certainly fail to furnish any satisfactory proof of it. The agreement between Dryer and Lehman, Durr & Co., bearing date on the 30th of March, 1881, extends the benefit of these securities only so far as to cover such indebtedness as might be afterwards incurred for advances made by the complainants to Dryer for the current year. No reference is made to any other indebtedness, except that due to Lehman, Durr & Co. as to which there is no controversy. The fact that the latter parties labored under the conviction that Dryer had made such a contract, and, upon the faith of such conviction, entered into a written agreement with complainants to hold the securities for them under the provisions of the supposed contract, could not, in any manner, prejudice the rights of Dryer's estate, if in truth and fact there was no such contract. This proposition is too manifest for argument.

It is claimed, however, that this agreement was authorized by one Felts, who acted under a written power of attorney executed by Dryer, and bearing date March 28th, 1881. The testimony shows very conclusively, that Felts did assent to such an arrangement, claiming his authority under a certain power of attorney, which was at the time exhibited to the other con-

30

[East Tenn., Va. and Ga. Railroad Co. v. Bayliss.]

tracting parties.   But this was a *joint* power of attorney, given to W. G. Campbell, M. B. Swanson and W. W. Felts, authorizing the three to act as agents in this transaction jointly.   Such a power conferred upon several can not be exercised by one alone, at least in the case of private agencies.   It is required that all must act together jointly in the execution of such an agency.—*Caldwell v. Harrison*, 11 Ala. 755 ; Story on Agency, § 42 ; Evans on Agency (Ewell's Ed.), *32.

Nor could such a trust be delegated by one of such agents to another.   The principal is supposed to rely upon the personal integrity and ability of each of his selected agents, these qualifications constituting the reason of the trust.   Hence, the maxim applies, *Delegatus non delegare potest.*—Story on Contr. § 127.

We are satisfied from the testimony that neither Campbell nor Swanson concurred with Felts in the execution of this power.   They were not personally present at the time, and are not satisfactorily shown to have afterwards assented to what he did in the attempted execution of their joint authority.   The power was not, therefore, legally executed, and the contract made by Felts, acting alone, conferred no lien in favor of the complainants upon the proceeds of the various collateral securities placed by Dryer in the hands of Lehman, Durr & Co.

We see nothing in the record authorizing us to infer that any other person or persons had authority from the deceased, either to make or to ratify the contract attempted to be made between Felts and the complainants, as stated in the bill.

The decree of the chancellor is, in our judgment, free from error, and it is affirmed.