Hatfield *et al. v.* The Huntington City Building, Loan and Savings Ass'n.

**Filed** September 13, 1892.

---

### No. 16,151.

### HATFIELD ET AL. *v.* THE HUNTINGTON CITY BUILDING, LOAN AND SAVINGS ASSOCIATION.

BUILDING ASSOCIATION.—*Foreclosure of Mortgage.*—*Constitution and By-Laws Part of Note.*—In an action by a building association to foreclose a mortgage given to secure several notes, where, by the express terms of the notes, the constitution and by-laws of the association were made a part of the notes, the note and the constitution and by-laws constituted but one instrument, and as a copy of each was filed with the complaint, it was sufficient to refer to them as the note.

Hatfield *et al.* v. The Huntington City Building, Loan and Savings Ass'n.

SAME.—*Section 854 Elliott's Supp. Construed.*—In such an action it was not necessary to allege that the plaintiff had filed the written acceptance provided for by section 854, Elliott's Supp. It was not the intention of the Legislature by the passage of the act of which said section is a part to deprive existing building and loan associations of any of the rights they possessed under the laws in existence. The purpose of the act was to enlarge rather than to restrict their powers.

SAME.—*Retirement of Stock.—Distribution of Assets.—Set-Off.*—The fact that the appellee had retired the outstanding valid stock furnished no legal excuse for a failure on the part of the defendant to refund the money borrowed. If his stock had been forfeited, as claimed, for non-payment of dues, he no longer had any interest in the assets of the association. Such assets belong to those who kept their stock alive by the payment of their dues, and for the purpose of distributing such assets the plaintiff has the right to collect and convert them into cash. If sufficient funds have been paid to retire the unforfeited stock, while the defendant has failed and neglected to pay the assessment due from him, those who paid contributed more than their just proportion, and they are entitled to be reimbursed. If the stock held by the defendant has been forfeited as alleged, he has none to offer as a set-off against the notes in suit.

From the Wells Circuit Court.

*C. W. Watkins, A. N. Martin, E. C. Vaughn, E. E. Kelsey* and *J. M. Hatfield*, for appellants.

*J. B. Kenna*, for appellee.

COFFEY, J.—This was an action by the appellee against the appellants to foreclose three several mortgages executed upon certain described real estate to secure the payment of the promissory notes therein described.

The complaint consists of three paragraphs, the first being based upon a promissory note of the following tenor:

" HUNTINGTON, INDIANA, March 27th, 1885.

" For value received I promise to pay to the Huntington City Building, Loan and Savings Association of Huntington, Indiana, the sum of four hundred dollars eight years after the date of incorporation of said association, viz.: August 10th, 1882, or whenever said association shall be

declared by its Board of Directors legally ended, with interest at the rate of six per cent. per annum on the sum of four hundred dollars, together with dues, fines, assessments and premiums of one hundred and forty dollars bid by me for precedence in taking this loan on shares of stock, payable in equal monthly instalments on the first Saturday of each month; this obligation is given for money loaned under the constitution, by-laws and regulations of said association, which constitution, by-laws and regulations are hereby made a part of this note; and I do further promise and agree that should the monthly instalments of interest or premium hereon as aforesaid remain due and unpaid for three months, or should my stock in said association be forfeited for the non-payment of instalments of dues, or premium or for any fines or assessments thereon for current expenses as provided by said constitution and by-laws, or should I fail to pay any taxes, ground rent or fire insurance premium on the property mortgaged to said association to secure the payment of this note for three months after the same becomes due, then, and in either case, the whole amount of principal, four hundred dollars, unpaid interest with all ground rents, fire insurance premiums and taxes paid or advanced by said association on said mortgaged premises with attorney's fees shall become immediately due and collectible; but in case said interest, dues, premiums, fines, assessments, ground rent, fire insurance premiums and taxes shall have been paid as aforesaid, then the principal of this obligation shall become due when the value of the assets of said association shall be sufficient to divide to each share of stock the sum of two hundred dollars or its equivalent, and the said principal shall then be paid by applying a sufficient amount of the stock owned by the undersigned to the payment of said principal, and thereupon the undersigned shall cease to have any inter-

est in any stock so applied; all without relief from valuation or appraisement laws.

[Signed.]                                JAS. M. HATFIELD."

It is alleged in the complaint that the appellee is a corporation duly organized under the laws of the State of Indiana; that the appellant James M. Hatfield owned twelve shares of the capital stock of the appellee, of the par value of two hundred dollars each; that under the constitution and by-laws of the appellee the appellant was required to pay one dollar and fifty cents on each share of stock so owned by him on the first Saturday of each month until each share of said stock should be of the cash value of two hundred dollars; that on the 27th day of March, 1885, the appellant James M. Hatfield borrowed of the appellee the sum of four hundred dollars at six per cent. interest and executed the note above set out to secure the payment of the same; that the appellee was incorporated on the 10th day of August, 1882, and that said note is due and unpaid, and that the Board of Directors of the appellee has never declared the association legally ended; that said shares of stock have never become of the value of two hundred dollars each; that before the expiration of eight years from the date of the incorporation of said association and before said note became due the appellant James M. Hatfield became indebted to the appellee in the sum of one hundred and eighty-three dollars for dues and in the sum of one hundred and twenty-one dollars and thirteen cents for interest on said note, and in the further sum of one hundred and thirty-two dollars and ninety-five cents for premium on said loan; that for more than three months prior to the expiration of said eight years from the date of the incorporation of the appellee the appellant was delinquent in the above amounts, which he has refused and failed to pay; that by reason thereof the stock so held by the appellant has been forfeited, and said note has become due.

Following these allegations it is alleged that both the appellants executed the mortgage set up with this paragraph of the complaint to secure the payment of the note.

The second and third paragraphs of the complaint are each based upon separate promissory notes of one thousand dollars each, similar to the note above set out, for loaned money, and contain substantially the same allegations as those contained in the first paragraph of the complaint.

The appellants filed separate answers to this complaint. The answer of James M. Hatfield consists of five paragraphs, the first being a general denial.

The second avers, in substance, that the appellee should not recover in this action for the reason that it was organized under the laws of the State of Indiana providing for the organization of Building, Loan and Saving Associations; that but one series of its capital stock, consisting of five hundred shares, was ever issued, and that all of said shares of stock have been retired in accordance with the law governing such associations, and that there are no debts due from the appellee to any one.

The third paragraph is the same as the second, except that it admits the attorney's fees and costs in this action, and prays the court to ascertain the amount of such fees and costs.

The fourth paragraph is the same, with the addition that it sets out the constitution and by-laws of the appellee and avers that all the stock has either been retired or forfeited, and seeks to set off the stock issued to the appellant against the notes in suit.

The fifth paragraph is substantially the same as the fourth.

The separate answer of the appellant Thursy J. Hatfield consists of three paragraphs, the first being the general denial.

The second paragraph is the same, in substance, as the

second paragraph of her co-appellant, and the third is the same as fourth and fifth paragraphs.

To these several affirmative answers the circuit court sustained a demurrer.

The assignment of error calls in question the propriety of the ruling of the circuit court in overruling a demurrer to each paragraph of the complaint, and in sustaining a demurrer to the several affirmative answers above referred to in this opinion.

It is contended by the appellants that the complaint is not sufficient to withstand a demurrer because it does not refer to the constitution and by-laws of the appellee filed therewith.

This objection is not, in our opinion, tenable. By the express terms of the note the constitution and by-laws are made a part of it. The note and the constitution and by-laws of the appellee constitute but one instrument. Such constitution and by-laws constitute a part of each note in suit, and as a copy of each was filed with the complaint we think it was sufficient to refer to them as the note. By an examination of the copy of the notes in connection with the copy of the constitution and by-laws filed no one could fail to observe that the two constituted only one instrument to be considered and construed as a whole. One copy was sufficient. *Scotton* v. *Randolph*, 96 Ind. 581.

Nor do we think it was necessary to allege that the appellee had filed the written acceptance provided for by section 854, Elliott's Supplement. It is evident from the reading of the entire act, of which that section constitutes a part, that it was not the intention of the General Assembly to dissolve or abolish existing building and loan associations, or to deprive them of any of the rights they possessed under the laws then in existence. It was its purpose to enlarge rather than to restrict their powers and privileges.

Hatfield *et al. v.* The Huntington City Building, Loan and Savings Ass'n.

In our opinion each paragraph of the complaint was sufficient to repel a demurrer.

We are of the opinion that neither of the special answers involved in this case was sufficient to bar the appellee's right of recovery. They each admit that the appellant James M. Hatfield has in his possession twenty-four hundred dollars of the money of the appellee with the accumulated interest thereon. It is not averred that he has paid the weekly instalments due on the stock held by him to keep it alive. Under these circumstances the fact that the appellee has retired the outstanding valid stock furnishes no legal excuse for a failure on the part of the appellee to refund the money borrowed. If his stock has been forfeited for non-payment of dues he no longer has any interest in the assets of the association. Such assets belong to those who kept their stock alive by the payment of their dues, and for the purpose of distributing such assets the appellee has the right to collect and convert them into cash. If sufficient funds have been paid to retire the unforfeited stock, while the appellant has failed and neglected to pay the assessment due from him, those who paid contributed more than their just proportion, and they are entitled to be reimbursed. If the stock held by the appellant has been forfeited, as alleged, he has none to offer as a set-off against the notes in suit. It would be inequitable to permit the appellant to withhold the money which his answers admit to be due the appellee for the sole reason that the stock has been retired, while there are members of the corporation entitled to share in its distribution. For these reasons, among others, we are of the opinion that the circuit court did not err in sustaining a demurrer to the several affirmative answers filed by the appellants in this cause.

Judgment affirmed.

Filed June 8, 1892; petition for a rehearing overruled Sept. 14, 1892.