## COLLINS v. AMISS, TRUSTEE.

[No. 19,701.  Filed January 7, 1903.]

CONTRACTS.—*Complaint for Breach.*—*Pleading.*—*Performance of Condition Precedent.*—In pleading the performance of the conditions precedent in a contract, it is sufficient, under §370 R. S. 1881, to allege generally that the party "performed all the conditions on his part;" but if a party does not avail himself of said statute, by making the general allegation thereby authorized, he must allege the performance of all conditions precedent with the particularity required by the rules of the common law.

From Huntington Circuit Court; *J. C. Branyan*, Judge.

Action by Joseph G. Amiss, trustee, against William H. Collins.  From a judgment for plaintiff, defendant appeals.  Transferred from Appellate Court, under §1337u Burns 1901.  *Reversed.*

*J. B. Kenner, U. S. Lesh* and *Eben Lesh*, for appellant.
*S. M. Sayler, M. L. Spencer, W. A. Branyan* and *H. B. Spencer*, for appellee.

MONKS, J.—Appellee brought this action against appellant to recover upon a written contract.  A trial of said cause resulted in a judgment in favor of appellee.  It is insisted that the court erred in overruling appellant's demurrer for want of facts to the amended complaint.

Appellant was to purchase one of the lots upon the terms mentioned in said written contract which reads as follows: "We the undersigned hereby agree with Joseph G. Amiss, trustee, that we will purchase at and for the price of $200 per lot,—lots to be 50 feet by 120 feet deep,—the number of lots set opposite our names, and pay therefor upon the terms hereinafter named. Said lots to be in a tract of land in Huntington county, Indiana, known as the Taylor farm, being a part of the east half of the northeast quarter of section twenty-two, township twenty-eight north, range nine east, being the land immediately south of Rabbit Run creek,— upon the following conditions: That the said Amiss, trustee, shall cause to be located and erected a 50 by 140 ft. two story and basement brick and stone building and engine room attached upon said tract herein named for the purpose of operating a factory in the manufacture of boots and shoes, agreeing to employ 75 to 200 hands and continue the same for a period of not less than five years, all of which is guaranteed to said Amiss by contract with The Footerall, Barker & Brown & Co., now of Lafayette, Indiana. We further agree that when 140 lots are subscribed for, and the foundation of said building is completed, we each agree to pay to said Amiss one-sixth of the purchase price of the lots so purchased severally, and when the roof is on said building we agree to pay an additional one-sixth each of the purchase price of the lots so purchased severally, and at the same time execute notes and mortgage, one due in one year and one due in two years from date, each note for the one-third of the purchase price, bearing six per cent. interest from date per annum, payable annually, and receive a warranty deed and abstract for said lot. The location of said lots to be determined at a meeting of lot purchasers by some plan determined by them in such meeting, and this subscription to be void and inoperative if the construction of said building is not commenced within sixty

days from the date of our subscription.  All moneys to be paid to Citizens' Bank, Huntington, Indiana.

| NAME. | LOT. | NAME. | LOT. |
|---|---|---|---|
| William H. Collins .... | 1" | | |

The contract does not show when it was executed.  The objection urged against the complaint is that it does not show by specific and particular averments or otherwise that all the conditions precedent in said contract had been complied with before the commencement of the action, nor give any excuse for failing to do so.

Section 373 Burns 1901, §370 R. S. 1881 and Horner 1901, provides that, "In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege, generally, that the party performed all the conditions on his part."  The amended complaint contains the allegation that "the plaintiff, in accordance with the contract with the defendant, tendered to the defendant a good and sufficient warranty deed" which, the appellee insists, is a compliance with §373, *supra*.  This allegation, however, only shows a compliance with the provision of the contract which requires appellee to execute to appellant a deed for said lot.

If a party does not avail himself of the provisions of said §373, *supra*, by making the general allegation thereby authorized, he must allege the performance of all conditions precedent with the particularity required by the rules of the common law.  *Board, etc., v. Hill*, 115 Ind. 316, 322; *Commercial, etc., Co. v. State, ex rel.*, 113 Ind. 331, 332; *Indiana Ins. Co. v. Capehart*, 108 Ind. 270, 273; *Home Ins. Co. v. Duke*, 43 Ind. 418, 421; 4 Ency. Pl. & Pr., 632-635.

The facts alleged in the amended complaint do not show that 140 lots had been subscribed for, and that the foundation of a building of the kind and dimensions specified in

the contract had been completed on the real estate mentioned in said contract, and that the construction thereof had been commenced within sixty days from the date of the subscription. To enable appellee to recover the first instalment of one-sixth of the purchase money under said contract, a compliance with such conditions should have been alleged, as authorized by §373, *supra,* or by specific and particular averments, as required by the rules of the common law. *Magic Packing Co.* v. *Stone-Ordean, etc., Co.,* 158 Ind. 538, and cases cited; *Dalrymple* v. *Lauman,* 23 Md. 376, 398; *Turner* v. *Barker,* 30 Ark. 186; *Bucksport, etc., R. Co.* v. *Brewer,* 67 Me. 295, 297; *Persinger* v. *Bevill,* 31 Fla. 364, 368-369, 12 South. 366; *Caldwell* v. *Harrison,* 11 Ala. 755; *Frisbie* v. *Moore,* 51 Cal. 516, 518; *Levy* v. *Burgess,* 64 N. Y. 390, 394; *Slater* v. *Emerson,* 19 How. 224, 15 L. Ed. 626; *Emerson* v. *Slater,* 22 How. 28, 16 L. Ed. 360.

The conditions upon which each instalment was to become due and payable, and when appellant was to execute his notes and mortgage, are stated in the contract, and the same can only be required of appellant when the said conditions are complied with, or a sufficient excuse for not doing so alleged.

As the other questions argued may not arise again they are not considered.

Judgment reversed with instructions to sustain appellant's demurrer to the complaint, and for further proceedings not inconsistent with this opinion.