## MILLER ET AL. *v.* WAYNE INTERNATIONAL BUILD-ING & LOAN ASSOCIATION.

[No. 4,666.   Filed February 23, 1904.]

PLEADING.—*Exhibits.*—Where the instrument sued on is copied in the body of the pleading, it need not be appended to the complaint, or otherwise further exhibited.  *p. 483.*

SAME.—*Exhibits.*—Where a written instrument on which an action is founded is copied in the complaint, or referred to and made a part of the complaint, it becomes a part thereof, and, in determining the sufficiency of the complaint, such instrument is regarded and treated as composing a part thereof, and speaks for itself, and it is not incumbent upon the pleader to state the substance thereof.  *p. 483,*

Miller v. Wayne, etc., Building & Loan Assn.

BUILDING AND LOAN ASSOCIATIONS.—*Foreclosure of Mortgage.—Complaint.*—A complaint to foreclose a building and loan association mortgage, in a suit commenced October 29, 1901, alleged that the defendants "have failed and refused, and still fail and refuse, to pay the payments of monthly dues upon said stock, and of interest and premium, as provided in said bond and mortgage, and that all the payments upon said stock and loan that have accrued and become payable since June 25, 1901, and for a long time before, and also the principal and interest of said loan still remain due and wholly unpaid;" that the total loan fund portion of the monthly instalments paid upon the stock, together with the accumulated earnings and profits did not equal $100 per share, but equaled only $36.44½ each. The association's by-laws which constituted a part of the contract, and were made a part of the complaint, provided that all instalments should be due on the first, and delinquent after the twenty-fifth day of each month, and if interest, premium, or monthly instalments on stock remained delinquent for a period of three months, the principal sum should immediately become due and payable. *Held*, that the complaint sufficiently showed when payments were to be made, that the stock had not matured, that the defendants were in default, and that the loan was due and unpaid. *pp. 483–485.*

SAME.—*Maturity of Stock.—Foreclosure of Mortgage.—Complaint.*—Where the by-laws of a building and loan association provided that stock should be paid for in monthly instalments of eighty cents, and the stockholder's liability for such instalments should be limited to seventy-two instalments, but it was also provided in the by-laws that the stock should mature as soon as the total loan fund portion of the monthly instalments, with accumulated profits, should equal $100 per share, a complaint to foreclose a mortgage in which the borrower's shares had been pledged, which alleged that the shares of stock were worth but $36.44½ each, sufficiently showed that the stock had not matured. *p. 485.*

APPEAL AND ERROR.—*Special Finding.—Reference to Exhibits Filed with Pleadings.*—A special finding in a suit to foreclose a building and loan mortgage is not objectionable because in the portion thereof relating to the bond and mortgage they are referred to as being the same mentioned and set out in the complaint, instead of setting them out in full, where the bond and mortgage were a part of the record. *pp. 485, 486.*

SAME.—*Exception to Conclusions of Law.*—An exception to the conclusions of law is an admission, for the purposes of the exception, that the facts are correctly found. *p. 486.*

TRIAL.—*Special Finding.—Mortgages.—Foreclosure.*—A special finding in a suit to foreclose a mortgage, that the mortgagors sold the mortgaged real estate to defendant, setting out the provision in the

deed in which the grantee assumed and agreed to pay the mortgage, while evidentiary, also stated the ultimate facts on which the legal liability of the grantee was to be predicated. *pp. 486, 487.*

BUILDING AND LOAN ASSOCIATIONS.—*Sale of Mortgaged Real Estate.*— *Assumption of Mortgage.*—*Liability of Grantee.*—A purchaser of real estate who by the deed of conveyance assumes and agrees to pay a building and loan association mortgage on the real estate becomes bound to pay, not only the principal and interest thereon, but all the obligations of the borrowing member secured by the mortgage. *pp. 487, 488.*

SAME.—*By-Laws.*—*Premiums.*—The by-laws of a building and loan association provided for the payment on all loans of a monthly premium of not less than fifty cents per month for each $100 borrowed. A bond executed for a loan of $600 to the owner of six shares of stock, of the face value of $100 each, by its terms, provided for a premium of fifty cents per month on each share of stock. *Held,* that the sums so paid should be treated as instalments of premium upon the loan, and not as dues on stock. *p. 488.*

From Henry Circuit Court; *W. O. Barnard,* Judge.

Suit by the Wayne International Building & Loan Association against Jack Miller and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*M. E. Forkner* and *G. D. Forkner,* for appellants.

*D. W. Howe, A. R. Feemster* and *W. A. Brown,* for appellee.

BLACK, J.—This was a suit brought by the appellee against the appellants, Jack Miller, James L. Watkins, and Maud R. Watkins, his wife, upon a bond executed by James L. Watkins, a member of the association, holding six shares of its stock of the face value of $100 each, for a loan of $600, and to foreclose a mortgage on real estate, executed by the borrowing member and his wife, the real estate afterward having been conveyed by the mortgagors to the appellant Miller, by a deed containing a provision by the terms of which the grantee assumed and agreed to pay the mortgage.

Among the objections urged against the complaint, the sufficiency of which was assailed by demurrer of Miller,

counsel claim that there are no averments of the legal effect of the instruments sued on, or tendering. any issue in respect thereto; that the instruments are simply copied into the complaint with averments that they were executed. ᐧ The statute provides that when a pleading is founded on a written instrument, the original or a copy thereof must be filed with the pleading. §365 Burns 1901. If the copy of the instrument be contained in the body of the pleading, this is sufficient, and it need not be appended to the complaint, or otherwise further exhibited. *Jones* v. *Parks,* 78 Ind. 537; *Adams* v. *Dale,* 29 Ind. 273; *Adamson* v. *Shaner,* 3 Ind. App. 448; *Reynolds* v. *Baldwin,* 93 Ind. 57.

In *Mercer* v. *Herbert,* 41 Ind. 459, it was held that when a pleading is founded upon a written instrument, and a copy is referred to in and filed with such pleading, it becomes a part thereof, and in determining the sufficiency of the pleading such written instrument is regarded and treated as composing a part thereof, and speaks for itself, and it is not incumbent upon the pleader to state the substance thereof. See, also, *Jaqua* v. *Woodbury,* 3 Ind. App. 289; *Cotton* v. *State, ex rel.,* 64 Ind. 573.

The complaint is next criticised on the ground that the instruments sued on "contain no definite promise to pay at any given or stated time, but only to pay generally," and that they "are to be discharged by the maturity of the stock, by means of monthly payments, until such maturity, 'as provided by the by-laws of said association;' " and that the by-laws are not made part of the contract, and therefore the alleged copy thereof, filed with the complaint, is no part thereof, and that the complaint is insufficient, therefore, in not showing that the instruments sued on were due and payable. The bond provides for the payment of monthly dues in a certain sum per month on each share of stock, as provided by the by-laws of the association, together with a premium of a certain sum

per month on each share of stock and interest on the loan at the rate of six per cent. per annum, "all to be due and payable on the first, and delinquent after the twenty-fifth day of each month, until such shares mature, as provided by the by-laws of said association." The mortgage, besides purporting to be executed as a security for the performance of the stipulations and agreements of the bond, sets out the provisions of the bond above stated. A copy of the by-laws was attached, and was referred to in the complaint as being attached thereto and made part thereof. The complaint alleged that the defendants "have failed and refused, and still fail and refuse, to pay the payments of monthly dues upon said stock, and of interest and premium, as provided for in said bond and mortgage, and that all the payments upon said stock and loan that have accrued and become payable since June 25, 1901, and for a long time before, and also the principal and interest of said loan still remain due and wholly unpaid." It is further alleged that the total loan fund portion of the monthly instalments paid upon the stock, together with the accumulated earnings and profits thereof, do not equal $100 per share, but that the shares are worth only $36.44⅓ each, and no more, and that the six shares at the commencement of this action were worth only $218.66, and no more, which sum included the entire amount paid by the defendants to the association upon the stock and loan, together with the accumulated earnings and profits thereof, and included all credits to which they were entitled upon the shares or upon the loan. The statute provides that in case of nonpayment of instalments upon stock, or interest or premium, by borrowing stockholders, for three months, payment of principal, premium, and interest (without deducting the premium or interest paid) may be enforced by proceedings on their securities according to law. §4446 Burns 1901. See, also, §4449 Burns 1901. The suit was commenced October 29, 1901. The by-laws

constituted part of the contract, and properly were made an exhibit. *Hatfield* v. *Huntinglon, elc., Assn.,* 132 Ind. 149; *Wohlford* v. *Citizens, etc., Sav. Assn.,* 140 Ind. 662, 29 L. R. A. 177. They contained a provision that all instalments on stock should be due on the first and delinquent after the twenty-fifth day of each month, beginning with the month in which the stock was dated; also a provision that if interest, premium, or monthly instalments on stock remained delinquent for a period of three months, the whole principal sum mentioned in the note or bond and mortgage should immediately become due and payable. We think the complaint indicated when payments were to be made, and that the stock had not matured, and that the defendants were in default, and that the loan was due and unpaid; and the complaint was sufficient in these respects to put them to their answer.

It is further urged against the complaint that, assuming the by-laws to be a part of the complaint, payments of stock dues were limited thereunder to seventy-two payments, and the pleading shows that number of payments to have been made, and therefore it would follow that the stock was matured. The by-laws provided that the stock, of the class taken by the borrower in this case, should be paid for in monthly instalments of eighty cents, and that the stockholder's liability for such instalments should be limited to seventy-two instalments; but it was also provided in the by-laws that stock of such class should mature as soon as the total loan fund portion of the monthly instalments, with accumulated profits, should equal $100 per share. It was sufficiently shown in the complaint that the stock had not thus matured.

The conclusions of law stated by the court upon its special finding of the facts are assailed. It is contended that the finding is insufficient because in the portion thereof relating to the execution of the bond and the mortgage they are each referred to as being "the same

mentioned and set out in the complaint," and in the portion of the finding relating to the by-laws they are said to be "the same mentioned in plaintiff's complaint, and attached thereto, and marked exhibit A." The practice of referring, in a bill of exceptions containing the evidence, to an item of written evidence, elsewhere properly in the record, without setting it forth in the bill, has long obtained under judicial sanction. See *Smith* v. *Lisher,* 23 Ind. 500, 504; *Kesler* v. *Myers,* 41 Ind. 543, 552; *Douglass* v. *State,* 72 Ind. 385, 389; *Henry* v. *Thomas,* 118 Ind. 23, 26. In the case last cited the practice is approved on the ground that to hold otherwise would be to require a needless encumbrance of the record.

The taking of the exception to the conclusions of law was an admission, for the purposes of the exception, that the facts were correctly found. The bond, mortgage, and by-laws were already parts of the record. It was a common practice in the framing of special verdicts thus to refer to instruments constituting parts of the pleadings in the record, and the same practice has obtained in our courts in the statement of the facts in a special finding. It relieves the record of unnecessary repetitions, and we are not disposed to condemn the practice. See *Cook* v. *McNaughton,* 128 Ind. 410; *Evans* v. *Queen Ins. Co.,* 5 Ind. App. 198.

It is further suggested, in relation to the special finding of the facts, that it is found therein that the Watkinses sold the mortgaged real estate to Miller, and executed to him their deed conveying the real estate to him, which deed is the same mentioned and set out in the complaint in this cause, which deed contained the following agreement: "The grantee herein assumes and agrees to pay the mortgage on the above described real estate to the Wayne International Building & Loan Association for $600;" it being further found in the same connection that said deed was accepted by the defendant Miller, and

placed of record in the office of the recorder of Henry county, Indiana, at a date mentioned, in a specified deed record, on a designated page thereof. It is claimed that this portion of the finding does not find the ultimate fact whether Miller agreed to anything, or what his agreement was. It is sufficiently found that a contract was made by the parties and what the terms of the contract were. The legal conclusion from such facts would be that Miller became the principal debtor, and his grantor became his surety. The facts stated were evidentiary, but they were also the ultimate facts on which the legal liability of Miller was to be predicated. The deed furnished the foundation of the claim against Miller. See *King* v. *Downey,* 24 Ind. App. 262, and cases cited. Other objections to the finding seem to be based upon the assumption that the by-laws were not found by the court, an assumption which we have already said to be incorrect.

In discussing the motion for a new trial, it is contended that the amount of recovery was too large. In support of this objection it is said that Miller was not a member of the association, the stock never having been assigned to him; and it is contended, therefore, that he was not under any obligation to pay dues and premiums, and that all payments made by him should have been credited to the principal, and that therefore the finding is excessive in amount. The mortgage purported to be executed as a security for the performance of the stipulations and agreements of the bond, and recited the terms of the bond, showing the various payments to be made, and contained a stipulation that all the payments mentioned in the mortgage should be paid without relief from valuation and appraisement laws, and a provision that the mortgage should be binding upon the assigns of the mortgagors. All the obligations of the borrowing member were secured by the mortgage, as well as by the pledge of the stock. When the real estate was conveyed to Miller, no obligations of

the borrowing stockholder to the appellee were thereby discharged, but Miller, by his assumption of the mortgage, became bound to pay what was thereby secured. Some monthly payments were made by the borrowing member before the conveyance, and many were afterward made by Miller. In the foreclosure proceeding, the accrued value of the stock was applied to lessen the amount of recovery, and the stock was canceled. The appellee was entitled to claim the benefit of the promise of assumption of the mortgage. The claim of Miller that he only became liable for the principal and interest thereon can not be upheld.

One of the by-laws provided for the payment on all loans of a monthly premium of not less than fifty cents per month for each $100 borrowed. The bond, by its terms, provided for a premium of fifty cents per month on each share of stock. It is contended that an agreement to pay a premium on the stock was unauthorized by statute or the by-laws, and that such payments should be applied to the discharge of the debt. The bond containing such language was for a loan of $600 to the owner of six shares of stock, each of the shares being of the face value of $100, and each share being represented in the loan by that sum. It is manifest that the sums so to be paid by the terms of the bond were intended, as expressed, to be paid as premium by a borrowing member as such, and were not meant to be dues upon the stock, and they were treated as instalments of premium upon the loan.

We do not find any available error. Judgment affirmed.