## KORBLY, RECEIVER, ET AL. v. LOOMIS ET AL.

[No. 21,296. Filed June 2, 1909.]

1. CONSTITUTIONAL LAW.—*Statutes.*—*Defective Title.*—*Mechanics' Liens.*—*Railroads.*—*Subcontractors.*—The title to the act of 1889 (Acts 1889, p. 257), giving to laborers on railroads, and materialmen furnishing materials therefor, a lien upon such railroad for labor performed and materials furnished, does not embrace subcontractors. p. 353.

2. PLEADING.— *Complaint.*— *Building Contracts.*— *Architect's Certificate.*—*Conditions Precedent.*—A complaint by subcontractors

against the contractor, for the breach of a railroad construction contract providing that the procurement of the railroad engineer's certificate of the satisfactory completion of the work shall be a condition precedent to the subcontractors' right of action upon such contract, which fails to allege such procurement, a valid reason for the nonperformance, or a waiver thereof, is bad on demurrer. p. 354.

3. PLEADING.— Complaint.— Contracts.— Performance.— How Alleged.—The plaintiff, in an action for the breach of a contract, must allege generally or specially the performance thereof on plaintiff's part, or a sufficient excuse for the failure so to perform. p. 356.

From Putnam Circuit Court; *John M. Rawley*, Judge.

Suit by Arthur C. Loomis and another against Bernard Korbly, as receiver for the Collier Bridge Company, and another. From a judgment for plaintiffs, defendants appeal. *Reversed.*

*George A. Knight, Frank L. Littleton, John H. James, Roemler & Chamberlain* and *Carson, Thompson & Dowden,* for appellants.

MONKS, J.—Appellees, subcontractors, brought this suit against appellants on a railroad construction contract, and on February 10, 1908, recovered a personal judgment against appellant bridge company, the general contractor, and a decree declaring and enforcing a lien on the right of way and track of appellant railway company, under an amendment of what is known as the "mechanics' lien law" of this State (§8305 Burns 1908, Acts 1889, p. 257, §6).

It is first insisted that the court erred in overruling the demurrer for want of facts of each appellant to the complaint.

It was held by this court in *Fleming v. Greener* (1909), 173 Ind. —, and *Cleveland, etc., R. Co. v. Defrees* (1909), 173 Ind. —, that §8305, *supra*, which governs the rights of the parties in this case, only embraced mechanics, laborers and materialmen, and did not include contractors or subcon-

tractors, for the reason that they were not within the scope of the title of said act.

We, therefore, hold, upon the authority of said cases, that as appellees, being subcontractors, were not entitled, under said section of the mechanics' lien law, to a lien upon said property of appellant railway company, the court erred in overruling the demurrer of said appellant to the complaint.

Appellees' complaint is in one paragraph, and the written contract sued on is filed with and made a part of the complaint, and appellees agree therein to construct certain concrete arches, abutments and culverts along the right of way of the appellant railway company in Putnam county, Indiana. Appellees also agreed in said contract, among other things, that, before they should be entitled to bring any action on said contract against the Collier Bridge Company, they would perform the following express conditions, to wit:

2.

"(23) Before final settlement is made between the parties hereto for the work done and materials furnished under this contract and before any right of action shall accrue to the contractor against the company [the Collier Bridge Company] therefor, said contractor shall furnish evidences satisfactory to the engineer of the railway company that the work covered by this contract is free and clear from all liens for labor and material, and that no claims then exist against the same for which any lien could be enforced. (24) Whenever, in the opinion of the engineer of the railway company, this contract and all things agreed to be done by the contractor shall have been completely performed and finished according to the provisions hereof and within the time herein limited, said engineer shall make and return a final estimate of the work done and materials furnished by the contractor under this contract, together with a statement of the amount due to him therefor and remaining unpaid, and shall certify to the same in writing under his hand, and the company [the Collier Bridge Company] shall, within sixty days after the completion of the work aforesaid and the return of said final estimate, pay to the contractor the full amount so found to be due him and remaining unpaid, including the per-

centages retained on former estimates as aforesaid, as
except in this contract is otherwise provided. Procur-
ing of such certificate and final estimate shall constitute
a condition precedent to any right of action by the con-
tractor against the company [the Collier Bridge Com-
pany]. Before final payment shall be required to be
made by the company [the Collier Bridge Company]
under this contract, the contractor shall acknowledge
and deliver, under his hand and seal, a release and dis-
charge of and from all and any such claims and de-
mands for and in respect of all matters and things grow-
ing out of or connected with this contract or the subject-
matter thereof, and of and from all claims and demands
whatsoever.''

When the parties to a building contract have made the
certificate of an architect or engineer a condition precedent
to the assertion of a right thereunder, such provision is valid,
and the party claiming such right must show, by proper
allegations, the performance of the conditions, a valid rea-
son for noncompliance therewith, or a waiver thereof.
*White* v. *Mitchell* (1903), 30 Ind. App. 342, 345-347, and
cases cited; *Hanley* v. *Walker* (1890), 79 Mich. 607, 45 N.
W. 57, 8 L. R. A. 207, and authorities cited; *Boettler* v.
*Tendick* (1889), 73 Tex. 488, 11 S. W. 497, 5 L. R. A. 270,
and cases cited and note on pages 272-274; *Barney* v. *Giles*
(1887), 120 Ill. 154, 11 N. E. 206; *Arnold* v. *Bournique*
(1893), 144 Ill. 132, 137, 33 N. E. 530, 20 L. R. A. 493,
36 Am. St. 421, and cases cited; *Gilmore* v. *Courtney* (1895),
158 Ill. 432, 41 N. E. 1023; *Crouch* v. *Gutmann* (1892), 134
N. Y. 45, 31 N. E. 271, 30 Am. St. 608, 609 and note on page
617; *Smith* v. *Brady* (1858), 17 N. Y. 173, 72 Am. Dec. 442.
In *Hanley* v. *Walker, supra,* the court said: ''When par-
ties capable of contracting have deliberately entered into a
written agreement in which, by all just rules of construc-
tion, the certificate of the architects is made a condition
precedent to a right of action, such condition must be per-
formed or its requirements waived. The authorities holding
contracts like the one in question here valid, are numerous.

Leake, Contracts (3d ed.), 557; Benjamin, Sales (3d Am. ed.), §575; *Morgan* v. *Birnie* [1833], 9 Bing. 672; *Grafton* v. *Eastern Counties R. Co.* [1853], 8 Exch. *699; *Clarke* v. *Watson* [1865], 18 C. B. N. S. *278; *Goodyear* v. *Mayor, etc.* [1865], 1 Har. & R. 67; *Ferguson* v. *Town of Galt* [1873], 23 U. C. C. P. 66; *Smith* v. *Briggs* [1846], 3 Denio 73; *North Lebanon R. Co.* v. *McGrann* [1859], 33 Pa. St. 530, 75 Am. Dec. 624; *Reynolds* v. *Caldwell* [1865], 51 Pa. St. 298; *O'Reilly* v. *Kerns* [1866], 52 Pa. St. 214; *Gray* v. *Central R., etc., Co.* [1877], 11 Hun 70; *Tyler* v. *Ames* [1872], 6 Lans. 280; *Spring* v. *Ansonia Clock Co.* [1881], 24 Hun 175; *Smith* v. *Brady* [1858], 17 N. Y. 173, 72 Am. Dec. 442; *Wyckoff* v. *Meyers* [1870], 44 N. Y. 143; *Wangler* v. *Swift* [1882], 90 N. Y. 38; *Tetz* v. *Butterfield* [1882], 54 Wis. 242, 11 N. W. 531, 41 Am. Rep. 29; *Kirtland* v. *Moore* [1885], 40 N. J. Eq. 106, 2 Atl. 269, 1 Cent. Rep. 466; *Hot Springs R. Co.* v. *Maher* [1886], 48 Ark. 522, 3 S. W. 639; *Stose* v. *Heissler* [1887], 120 Ill. 433, 11 N. E. 161, 60 Am. Rep. 563; *Boettler* v. *Tendick* [1889], 73 Tex. 488, 11 S. W. 497, 5 L. R. A. 270; *Byrne* v. *Sisters of Charity, etc.* [1883], 45 N. J. L. 213; *Elliott* v. *Royal Exch. Assur. Co.* [1867], L. R. 2 Ex. *237.''

It is settled in this State that, in an action for the breach of a contract, the party seeking to enforce the same must allege as to conditions precedent that he has complied with all such conditions on his part (§376 Burns 1908, §370 R. S. 1881), or state facts showing a proper excuse for not having performed the same. If such party does not avail himself of the provisions of §376, *supra,* by making the general allegation thereby authorized as to the performance of such conditions, he must allege the performance of all such conditions with the particularity required by the rules of the common law. *Collins* v. *Amiss* (1903), 159 Ind. 593, 595, 596, and cases cited; *Magic Packing Co.* v. *Stone-Ordean, etc., Co.* (1902), 158 Ind. 538, 541, 542, and cases cited; *Mondamin, etc., Dairy Co.* v. *Brudi* (1904),

163 Ind. 642, 643-647, and cases cited. On account of the failure of the appellees to comply with this rule, the complaint was bad as to appellant bridge company. It follows that the court erred in overruling the demurrer of appellant bridge company to the complaint.

Judgment reversed, with instructions to sustain the demurrer of each appellant to the complaint, and for further proceedings not inconsistent with this opinion.