MOORE *v.* MILLAR ET AL.

[No. 14,571.   Filed November 1, 1933.   Rehearing denied January 11, 1934.]

*Morton C. Embree* and *Charles O. Blatzell,* for appellant.

*S. L. Vandeveer,* for appellees.

KIME, C. J.—This was an action commenced by appellant and one Sarah D. Moore, deceased, against the appellee, William J. Millar, to quiet title. Millar, by cross-complaint, made the appellee, Howard C. Moore, the husband of Sarah, a party defendant and sought to quiet his title to the same real estate; to foreclose a mortgage on the life estate of the said Sarah in the realty and to establish a lien on said realty for taxes paid by him. In addition to the general denials filed respectively to each of the above pleadings, the appellant filed an affirmative answer to the cross-complaint of the appellee, Millar. Millar then filed a reply in two paragraphs. The appellee, Howard C. Moore, was defaulted.

The issues arising upon the first paragraph of complaint were decided in favor of the appellant, quieting his title. The issues arising upon the first paragraph of cross-complaint were decided in favor of the appellant and the issues arising upon the second paragraph of complaint were decided in favor of the appellee, giving him a lien on the real estate for taxes paid by him and ordering a sale of the property but a foreclosure of the mortgage was denied him. Special finding of facts was made and conclusions of law stated thereon, with judgment following in favor of appellee, Millar, on his cross-complaint in the sum of $515.60.

The errors relied upon for reversal here are that the court erred in its fourth, fifth, and sixth conclusions of law upon the facts specially found. The only question involved here is whether an attorney, while the relationship of attorney and client exists, can buy real estate, involved in the relationship, at a tax sale and acquire a lien upon such real estate for the amount of

the taxes so paid. The appellant contends that the appellee, Millar, was an attorney at law, and was advising Sarah D. Moore relative to this real estate, at the time he purchased the land at a delinquent tax sale and at the time he paid taxes thereon, and that since the relationship of attorney and client existed that he should be penalized to the extent of the amount of money invested, for violating the confidence of the relationship.

Since the appellee only excepts to the conclusions of law, he, by so doing, admits that the facts are correctly and fully found. There is no motion here for a new trial or *venire de novo* and we are bound by the finding of facts that the trial court made.

Finding Number 17 is the finding that the appellant relies upon to show the relationship of attorney and client. It is upon this finding, and this finding alone, that the appellant must succeed or fail.

That finding is as follows: "That at the time of the purchase and assignment of the note and mortgage described in Findings of Fact numbers eight (8) and nine (9) hereof, as set forth in Findings of Fact numbers ten (10) and eleven (11) hereof, and at the time of the purchase of the real estate described in Findings of Fact numbers one (1) and two (2) hereof by the defendant, William J. Millar, at delinquent tax sale, and at the time of the payment of the taxes thereon and the taking of a tax deed therefor, as set forth in Findings of Fact numbers twelve (12) and fifteen (15) hereof, the defendant, William J. Millar, was an attorney at law, engaged in the practice of law, and distantly related by marriage to the said Sarah D. Moore; that said defendant, William J. Millar, had been consulted by Sarah D. Moore in reference to matters connected with the real estate described in Findings of Fact numbers one (1) and two (2) hereof." Bearing in mind that a special finding of facts cannot be aided by presumption,

inference, or intendment, our conclusion must be that from the finding the relationship of attorney and client is not found as a fact. The court has found that Millar was an attorney at law and engaged in the practice thereof and that he had been consulted by Sarah D. Moore in reference to matters connected with the real estate but he did not find that Millar was engaged in the practice of law, as regards this specific client, in such manner that the relation of attorney and client existed between them. If the trial court believed that this relationship existed it would have been easy to say so in clear and unmistakable language. We cannot here add to this finding any presumption, intendment, or inference. The court's conclusions of law upon the facts found are correct. There being no error the judgment of the Gibson Circuit Court is affrmed and it is so ordered.