AMERICAN INCOME INSURANCE COMPANY *v.* KINDLE-SPARKER

[No. 16,630. Filed November 14, 1941. Rehearing denied December 23, 1941. Transfer denied February 25, 1942.]

518

*Owen S. Boling* and *Stuart A. Coulter*, both of Indianapolis, and *Bowers, Feightner & Bowers*, of Huntington, for appellant.

*Bent & Bent*, of Wabash, for appellee.

STEVENSON, J.—This is an appeal from a judgment in favor of the appellee in an action based upon an accident insurance policy, issued to the appellee by the appellant.

The appellant filed a motion to strike out the amended complaint, which motion was overruled, and this ruling is the first error assigned on appeal. The appellant then addressed a demurrer to the amended complaint, and this demurrer was overruled. This ruling is the second error assigned on appeal. An answer in four paragraphs was then filed by the appellant, and the cause was submitted to the court for trial without a jury. The court made and filed a special finding of facts and stated its conclusions of law thereon. Exceptions were taken to each conclusion of law, and each of these conclusions is assigned as error in this court. No motion for new trial was filed by the appellant.

The facts, as found by the court, disclose that on September 28, 1931, the appellant issued to the appellee its policy of insurance, by the terms of which the appellee was insured against disability resulting from injuries received by accidental means. This policy provided that it would pay the appellee indemnity at the rate of $100.00 per month for total disability resulting from such injuries for a period of not exceeding 36 consecutive months from the date of disability.

The court further found that on October 15, 1931, and while said policy of insurance was in full force and effect, the appellee sustained personal injuries, as a result of an accident, by which he was wholly disabled. The appellant denied any liability under terms of its policy, and on January 12, 1933, the appellee filed a complaint in the Wabash Circuit Court against the appellant to recover the amounts due him under the terms of the policy for such disabling injuries.

This case was tried by the court on the 24th day of February, 1933, and the court found that the appellee was entitled to recover on the policy of insurance sued upon the sum of $1,612.50, for the period from October 15, 1931 to February 24, 1933, the date of said trial. Judgment was accordingly entered for this amount. The appellant appealed from this judgment to the Appellate Court of Indiana, which judgment was affirmed by the Appellate Court of Indiana, and a petition for rehearing was denied by said court on June 4, 1936. Petition to transfer was denied by the Supreme Court on September 30, 1936.

The facts thus far recited are not in controversy. In order to better understand the contentions here made, we think it advisable to set out verbatim the court's findings Nos. 8 and 9.

"(8) The court further finds that in March, 1933, plaintiff's attorney had a conversation with defendant's attorney, one Mr. Coulter, and with the president of the defendant company, one Mr. Scholer, and that plaintiff's attorney asked the said Mr. Coulter and Mr. Scholer if the defendant corporation would pay the future monthly indemnity as it became due each month under the said contract of insurance, and that the said Mr. Coulter, in the presence and hearing of the said Mr. Scholer, replied that the defendant did not consider itself liable to plaintiff under said policy of insurance, and that if the said Wabash Circuit Court rendered

judgment against it, the same would be appealed and would be reversed on appeal. Mr. Coulter further said to plaintiff's attorney, in the presence and hearing of Mr. Scholer that said defendant did not believe there was any liability under said contract of insurance and that the American Income Insurance Company, defendant therein, was denying all liability under said contract of insurance.

"(9) The court further finds that in October, 1933, the plaintiff's attorney had another conversation with the said Mr. Coulter, attorney for the said American Income Insurance Company, and with the said Mr. Scholer, president of said company, in which said plaintiff's attorney told Mr. Scholer and Mr. Coulter that the plaintiff could bring an action on said policy of insurance every month as each future instalment became due and the said Mr. Coulter in the presence and hearing of the said Mr. Scholer, requested the plaintiff's attorney not to bring another action on the said contract of insurance as any further actions would be unfair and vexatious and that the present action then pending, that is, cause number 4980 in the Wabash Circuit Court, would settle all liability existing between the parties, and the said Mr. Coulter, in the presence and hearing of the said Mr. Scholer, further told plaintiff's attorney that his company, the American Income Insurance Company, defendant therein, was denying all liability under said contract of insurance and that the suit then pending would settle all liability between the plaintiff and the defendant and that the defendant was appealing the decision of the Wabash Circuit Court and that if it lost the decision on appeal it would then pay the entire amount that would be due under said policy of insurance, including future installments, and that if plaintiff won the suit then pending, that is, cause number 4980 in the Wabash Circuit Court, the defendant company would pay the entire amount of insurance when that litigation was ended."

The court further found that the appellant relied upon these statements and representations set forth in findings Nos. 8 and 9, and further found that the appel-

lant failed to pay the appellee the monthly indemnity of $100.00 due each month from and after February 24, 1933, in violation of its agreement as set forth in findings Nos. 8 and 9, although the appellee was wholly disabled, as a result of said injury from said date until the time of trial. The court further found that the appellant, by its representations and requests, as set forth in findings Nos. 8 and 9, waived its right to require the appellee to submit monthly statements of his physical condition, and waived the necessity to make monthly claims for indemnity as provided in said policy of insurance. The court found that none of the monthly indemnity that was due from February 23, 1933, until October 15, 1934, has been paid and that the appellee has performed all the conditions and obligations imposed upon him by the terms of the policy, except such as have been waived by the appellant.

The court further found that on October 16, 1936, the appellee filed a complaint in the Wabash Circuit Court demanding payment of the amount due under said policy for the period between February 23, 1933, and October 15, 1934. This cause was continued from time to time and tried on November 16, 1937. On December 31, 1937, and before judgment was rendered, the appellee dismissed this cause of action, and on the same day, the appellee filed this complaint on the same policy by which recovery for the same period of time is sought. Upon these facts, the court concluded the law to be as follows:

"1. That plaintiff has done and performed all the terms and conditions of the policy of insurance, which is the basis of this action, except such terms and conditions as have been waived by defendant.

"2. That the law is with the plaintiff herein and he is entitled to recover on the policy in suit from the defendant in this action the monthly indemnity of One Hundred Dollars ($100.00) per

month for the period of time beginning February 24, 1933, and ending October 15, 1934, together with interest on each of said installments from the date the same became due, and that the total of said monthly indemnity plaintiff is entitled to recover herein amounts to the sum of Nineteen Hundred Seventy Dollars ($1,970.00) and interest on each of said monthly indemnity amounts to the sum of Seven Hundred Sixteen Dollars and Fourteen Cents ($716.14), and that plaintiff is entitled to recover the total sum of Twenty-six Hundred and Eighty-six Dollars and Fourteen Cents ($2,686.14).

"3. That plaintiff is entitled to recover of and from the defendant his costs and charges herein laid out and expended."

To each of these conclusions, the appellant excepted. Judgment was rendered thereon, and it is from this judgment that this appeal has been taken.

The appellant first contends that the court erred in overruling the motion to strike out the amended complaint as a sham pleading. In support of this contention, the appellant insists that, by the filing of the second suit, on the 16th day of October, 1936, to recover the amounts due from February 23, 1933, to October 15, 1934, it is made to affirmatively appear that the appellee did not rely upon the representations and promises made, as pleaded in the present amended complaint. In other words, the appellant contends that by filing this second suit within the period of time granted by the policy, and the voluntary dismissal of the same, the appellee cannot now truthfully say that he relied on the promises made him by the appellant, to the effect that the claim would be paid without further litigation, if the case then in court should be finally affirmed.

The record does not disclose the allegations contained in this second complaint which was filed and dismissed.

Whether the appellee in that complaint alleged the same facts which appear in the present complaint is not disclosed. In his second complaint, the appellee was not required to allege and prove facts constituting a waiver of the time limitation fixed in the policy for bringing suit, for the reason that such suit was filed well within the time allowed. The fact that he did not need to assert facts constituting a waiver in that action does not, in our opinion, prevent him from so doing now. There is nothing inconsistent in the two positions.

This court, therefore, cannot say that the allegations in the amended complaint, to the effect that the appellee relied on the representations and promises made to pay the appellee's claim without further litigation, if the suit then pending on appeal should be affirmed, were false statements. At any rate, it has been frequently held by the courts of this State that "the action of the court in overruling a motion to strike out a part or all of a pleading does not constitute reversible error even though such action be erroneous." *Lindley* v. *Sink* (1940), 218 Ind. 1, 6, 30 N. E. (2d) 456.

The court, accordingly, committed no reversible error in overruling the appellant's motion to reject the appellee's amended complaint.

The appellant next contends that the court erred in overruling the appellant's demurrer to the appellee's amended complaint. Under this assignment of error, the appellant contends that the amended complaint fails to state facts sufficient to constitute a cause of action. It is the appellant's contention, that there is no allegation in the amended complaint showing that the appellee complied with the terms and conditions of the policy and performed all the conditions on his

part, which were required of him as conditions precedent to his right of recovery. One of these conditions required that the appellee should make monthly claims for indemnity. The policy as sued on also required that, "affirmative proof of loss must be furnished to the company at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the company is liable."

Without discussing specifically the allegations of the complaint by which the appellee sought to show full performance on his part of all conditions required that had not been waived by the appellant, we deem it sufficient to say that the facts specifically found are within the issues made by the pleadings; and, therefore, any action of the court in overruling the demurrer to the complaint becomes harmless, even though it be erroneous, if the conclusions of law stated thereon are valid. *New Albany Trust Company* v. *Nadorff* (1940), 108 Ind. App. 229, 27 N. E. (2d) 116.

We may, therefore, pass to a consideration of the finding of facts and the conclusions of law stated thereon. The record discloses that no motion for new trial was filed by the appellant, and only the conclusions of law are challenged. Since the appellant only excepts to the conclusions of law, it, by so doing, admits that the facts are correctly and fully found, limited, however, to the facts found within the issues formed by the pleadings. *Old First Natl. Bank & Trust Co.* v. *Snouffer* (1934), 99 Ind. App. 325, 192 N. E. 369; *Moore* v. *Millar* (1934), 98 Ind. App. 69, 187 N. E. 351; *Shedd* v. *Northern Indiana Public Service Co.* (1934), 206 Ind. 35, 188 N. E. 322.

Taking the factual structure then, as it is shown by the finding of facts, the question presented is whether

or not such facts are sufficient to sustain the conclusions of law as heretofore set out.

The complaint alleged, and the court found the fact to be, that the appellant had issued to the appellee its policy of insurance, by the terms of which the appellee was insured against disability resulting from injuries received by accidental means. Under this policy, the appellant agreed to pay the appellee indemnity, at the rate of $100.00 per month during total disability, for a period not exceeding 36 consecutive months. The complaint alleged, and the court found the fact to be, that the appellee sustained an injury as a result of an accident, on the 15th day of October, 1931, while said policy was in full force and effect, which resulted in the appellee's disablement.

The appellant denied all liability under this policy, and a suit was filed to enforce payment. The appellant continued to deny liability after the trial of this first claim, and while this case was pending on appeal, made the statements which appear in the court's findings of fact Nos. 8 and 9, heretofore repeated. Under these facts, it is our opinion that the appellant has waived the policy requirements, as to the furnishing of physicians statements, proofs of loss, and notice of claim for the remainder of the compensation period. "The principle is old and thoroughly established that when a party repudiates a contract and denies liability under it, the performance of conditions precedent, such as notice, demand, tender and the like, are waived on the ground that the law will not require a thing to be done which the party entitled has excused, or given notice that it will be unavailing." *Ohio Farmers Ins. Co.* v. *Vogel* (1906), 166 Ind. 239, 76 N. E. 977.

The court found as a fact that the appellant herein not only denied all liability under the terms of the

policy as manifested in the first suit, which was affirmed by this court in the case of *American Income Ins. Co.* v. *Kindlesparker* (1936), 102 Ind. App. 445, 200 N. E. 432, but the court also found as a fact that the appellee promised to pay all liability under this policy, if the case then pending before this court was affirmed, and requested that the appellee refrain from filing additional actions on this policy.

With such conduct on the part of the appellee, as is disclosed by these facts, it appears obvious that the appellant has waived any right to demand now that it be furnished with proofs of loss, and that it be sued within the time fixed by the terms of the policy. As this court has said, "appellant having denied liability, appellee was not required thereafter to submit proofs of loss and appellant may not now be heard to object that such proofs were not filed." *Nat. Fire Ins. Co.* v. *Crooker* (1926), 84 Ind. App. 643, 151 N. E. 734.

It is apparent to us that the appellant was not misled or deceived as to the nature and character of appellee's claim. It was deprived of no defense, by virtue of the appellee's conduct. The appellant has contested the appellee's claim for disability payments under this policy from the time of his original injury to the present. While his claim for the first half of the disability period was being contested in the courts, the appellant asked appellee to refrain from bringing further suits, and promised to pay all liability under this policy, if the case should be decided against it. By this agreement to pay, the appellant has waived further proofs of loss, and by the request not to bring suit on the additional claims, the appellant waived the provision of the policy, as to the time in which such suit should be brought. *Continental Casualty Co.* v. *Hunt* (1913), 53 Ind. App. 657, 101 N. E. 519. These

rights, having been waived by the appellant, are gone forever; and the appellant cannot now assert these rights as a defense to this action. *Farmers, etc., Assn.* v. *Mason* (1917), 65 Ind. App. 66, 116 N. E. 852; *Illinois Live Stock Ins. Co. v. Baker* (1894), 153 Ill. 240, 38 N. E. 627.

The appellant insists that since the complaint failed to contain any allegation of full performance on the part of the appellee, as authorized by § 2-1039, Burns' 1933, the court is outside the issues in its finding of fact No. 17. We cannot agree with this contention. The complaint alleged with particularity the things done by both parties touching the presentation of appellee's claim. These facts are sufficient to constitute a cause of action, and show a waiver of all conditions not alleged to have been performed. This is all that the appellee was required to do. *Korbly* v. *Loomis* (1909), 172 Ind. 352, 88 N. E. 698; *Collins* v. *Amiss* (1903), 159 Ind. 593, 65 N. E. 906.

The court was, accordingly, within the issues formed by the pleadings when it found, by its special finding No. 17, that the appellee "has performed all of the conditions and obligations imposed upon him by the terms of the policy sued upon herein, excepting such as have been waived by the defendant." While finding of fact No. 17 is, in effect, a conclusion of law, it is predicated upon the things said and done by the parties to this litigation, as specifically set forth by the court in other findings of fact. The court having stated the facts in writing, finding No. 17 is more properly a conclusion of law to be drawn therefrom. *Ryan* v. *Evans* (1925), 195 Ind. 570, 145 N. E. 6. But since finding No. 17 is almost identical with conclusion of law No. 1, its proper classification becomes immaterial here.

The appellant contends that the facts, as found, are not sufficiently specific to enable the court to render judgment thereon. The appellant contends that the policy of insurance should have been included in the special findings of fact, which, appellant contends, was not done. The court, in its special findings of fact, recited generally the terms and conditions of the policy and referred to this policy in the following language: "Which policy has been marked Exhibit 11 and introduced in evidence in this cause and is hereby made a part of this finding of facts by reference." Since this policy is a written instrument, upon which the suit is founded, it is not necessarily improper to set out the written instrument in the special findings of fact. It is the office of a special finding of fact, however, to recite the ultimate facts of which the written instrument is evidence. *Daily* v. *Smith* (1918), 66 Ind. App. 393, 118 N. E. 312.

It is our opinion that the policy in suit was properly made a part of the special findings of fact by reference thereto, without setting it out in full, since such instrument is already a part of the record as an exhibit to the complaint. Watson's Rev. of Works Practice, Vol. 2, § 1596. *Miller* v. *Wayne, etc., Building & Loan Assn.* (1904), 32 Ind. App. 480, 70 N. E. 180.

It is our opinion, therefore, that the facts found by the court are sufficiently definite and certain to support the court's conclusions of law thereon.

The court was not in error in its conclusions of law upon the facts found.

No reversible error having been shown, the judgment of the trial court is affirmed.

Judgment affirmed.

NOTE.—Reported in 37 N. E. (2d) 304.